Hall et al. *v.* Cassidy.

only error assigned, and defendants below, after judgment had been rendered against them, prayed this writ of error.

*Huie*, for appellants.

*Whitmore*, for appellee.

---

## Hall & Duglass *vs.* A. A. Cassidy, Administrator.

The statute requires four weeks publication of notice to non-residents, before the day on which a petition for distribution of an estate can be heard.

The proper mode of computing time, when notice for a specific time is to be given before an act can be done, is to exclude the day on which the notice was given, and include the day fixed for the performance of the act.

In error from the probate court of Madison county.

The only point in this case was, whether the requisite legal notice had been given to the distributees before the day of dis-

tribution, they being non-residents.   The statute requires four clear weeks from the day of publication, to make the notice legal of the day upon which the petition should be heard.

*Shackleford* and *Lawson,* for appellants.

*A. H. Handy,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

This was a suit begun in the probate court of Madison county, by the defendant in error, for distribution.   The plaintiffs in error were alleged to be non-residents, and notice was not served on them in person.   We do not think the publication was made for the length of time required by law.   By looking to the statute, it will be found that four weeks publication is required, of the day, upon which the petition should be heard.   It appears that the 13th day of October, 1849, was fixed for the hearing, and on that day the decree of distribution was made.   The first insertion of the notice was made on the 15th of September.   To make the four weeks, it is necessary to count the day of the first insertion as well as the day on which the case was heard.   This is wrong.   The proper mode of computing time, where notice for a specific time is to be given before an act can be done, is to exclude the day on which the notice was given, and include the day fixed for the performance of the act.   4 Neville & Mann. 375.

Let the decree be reversed, and the cause remanded for further proceedings.