H. F. MORRISON et al. *vs.* JANE A. GAILLARD.

The day of the service of a writ must be included in the calculation of time, and the return day excluded.

The act of the legislature of 1850, § 12, which provides, that the pleadings in all cases shall be made up and prepared for trial at the second term of the court after filing the complaint, is intended to embrace only pleadings to the merits of the case; and where a party is desirous of amending a meritorious pleading, he must do so at or before the second term of the court.

The difference between the acts of 1840 and 1850 of the legislature, regulating the manner of pleading, is, that under the last act the party is not bound by the issue made up at the appearance term, but may without any cost amend his pleadings at the second term.

The answer which the party desired to file by a certain day was an original pleading, and the application was addressed to the sound discretion of the court. *Held*, that there was no error in the decision of the court.

IN error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

Suit was instituted at the March term, 1852, of the circuit court of Tippah county, by J. A. Gaillard against Henry F. Morrison and others, upon their joint writing obligatory, dated the 16th of January, A. D. 1851, and due twelve months after date, for $170.97 1-2 cents, to the said Gaillard. The defendants pleaded in abatement, that the writ had not been served on them five days before the first day of the term of the court to which it was returnable. To which plea the plaintiff by attorney demurred, and the demurrer was sustained by the court. Defendants were then permitted to plead to the merits of the

case, and asked permission of the court to have until a day beyond the adjournment of the court for that purpose, which was refused by the court. The complaint was sworn to when filed. Judgment by default was taken against the defendants, who prayed this writ of error.

*H. F. Morrison, in propriâ personâ.*

The plea shows that the writ was executed on Wednesday, the 25th of February, 1852, and was returnable to the circuit court which sat on the first Monday in March thereafter. The statute says that all writs of that kind shall be executed at least five days before the return day. How. &▪ Hutch. Code, 576, § 3.

There could not have been five days intervening between the execution and return day of the writ, for in the computation of time the days of execution and return must be excluded, which left but four days. *Weeks* v. *Hull*, 19 Conn. R. 376.

The defendants ought to have been allowed time to answer, and this was a right they have. *Maury* v. *Commercial Bank of Natchez*, 5 S. & M. 41.

The fact that the court was about to adjourn did not authorize it to assume authority to prohibit the defendants from answering any time within the period allotted for the term, and the day asked *within* which to plead to the merits of the case was within the period of the term. *Thornton* v. *Fitzhugh*, 10 S. & M. 438. The parties are not compelled to join issue at the return term when both parties are in court insisting on their rights, nor can it nonsuit the plaintiff; and in such case the court has no authority to render judgment against the defendants. *Williams* v. *Montgomery*, 10 S. & M. 321.

The court has the power to make an order to compel the parties to make up an issue at the return term, but there was no such order in this case.

*J. F. Cushman*, for appellee,

Contended that the writ has been "executed five days before the return day," as required by the statute. The law does not recognize a fraction of a day, because it would be difficult to

prove the precise hour or minute of a day, on which a process was executed. This is settled by the current of decisions both in this country and England. The day on which a sheriff's office expired has been held to be included in the six months after which he is held not to be called on to return a process. *The King* v. *Adderley*, Doug. 463. The day on which notice was given is to be included in the month that is to elapse before an action could be brought. *Castle* v. *Burditt*, 3 T. R. 623, 642. In completing the two months creating an act of bankruptcy, the day of the arrest is included. 3 East, 407.

To prevent a descent from barring an entry, the claim must be made within a year and day, and the day on which the claim is made is to be accounted one. Coke, Lit. 255; Hardin, 457.

The period allowed by the court after the overruling a demurrer or a dilatory plea, within which the party is permitted to file a meritorious plea, is always a matter of sound discretion with the court, and can be no cause of error.

Under the act of 1840, the parties to all suits were required to make up their pleadings at the first term; and if the defendant failed to plead at that term, judgment by default could be taken against him. The act of 1850 did not change the rules of pleading and practice only so far as to the form of legal pleading, but no further. If the defendant fails to answer at the first term in proper form and according to the requisites of the statute, judgment by default may be taken against him. The 12th section of the act of 1850, which requires that all pleading shall be made up at the second term, refers to amendments to pleadings after issue joined; and I apprehend does not mean that the defendant shall have until the second term in which to file his answer, otherwise it would have said so in express words.

*Price* and *Jackson*, on the same side.

Mr. Justice FISHER delivered the opinion of the court.

The defendants in the court below plead in abatement of the writ, which was executed on the 25th day of February, 1852, and returnable on the 1st day of March following, that it was

not executed five days before the return day. The plaintiffs' counsel demurred to the plea, and the court sustained the demurrer. The only question presented on this part of the case is, whether the day of the service of the writ must be included in the computation of the time. This point has been recently adjudicated by this court, and decided that the day of service must be included and the return day excluded. Under this rule, the judgment of the court below was correct.

After the decision on the demurrer, the defendants asked an extension of time to a certain day in the term, in which to plead to the merits of the action. This application was refused by the court, on the ground that it was then ready to adjourn, having disposed of all other business.

It is contended, that under the 12th section of the act of 1850, regulating the pleadings and practice in the circuit courts, the defendants were entitled to the second term of the court to prepare their pleadings, and that the court had no authority to render a judgment at the return term of the writ.

This statute must be construed with reference to the whole law, as well as to the previous laws on the same subject. It says, that any pleading may be once amended by the party of course, without costs and without prejudice to the proceedings already had; provided the same be made at or before the second term of the court after filing the complaint.

It must be conceded, that under this section when a party has a right to amend his pleadings, he is allowed till the second term of the court to make the amendment. We must, therefore, determine what pleadings may be amended; and here we may remark, that the statute contains no new principle. It only permits the party to do without leave of the court what was never refused, under the previous law, on a proper showing. The statute of 1822, authorizing the courts of law to allow amendments of the pleadings before verdict; the statute of 1840, requiring the issue to be made up at the return term of the writ, and requiring the court to allow amendments in certain cases; and the statute of 1850 on the same subject, all look to one great object, a fair and impartial trial upon the merits of the controversy between the parties. By the act of

17*

1840 a plea to the merits operates as a continuance of the cause to the second term of the court, and this is the class of pleadings which the party may amend of course, as provided for in the 12th section of the act of 1850. No other class of pleas has ever met with favor from either the legislature or the courts of the country.

But we are referred to another clause of the same section, which, counsel insists, is decisive of this question. Its language is, " And the pleadings shall in all cases be made up and prepared for trial at the second term of the court after the filing of the complaint," &c. We can only repeat what we have already said, that this language embraces only pleadings to the merits of the controversy; and that where the party desires to amend a meritorious pleading, he must do so at or before the second term of the court.

When the court sustained the demurrer to the plea in abatement, the action was then undefended. The defendants had a right to plead, or answer to the merits. This was granted to them by the judgment of the court on the demurrer. By the act of 1840, the issue on the merits must be made up at the return term of the writ. The only change made in this law by the act of 1850 is, that the party is not bound by the issue made at the appearance term, but may, without costs or leave of the court, amend his pleadings at the second term. But the very meaning of the term " amend," implies a previous pleading to be amended. The answer of the defendants to the merits could not be construed an amendment of the previous pleading, because it is but seldom that amendment to a plea in abatement is ever allowed, and when allowed it is for the purpose of making it a good plea in abatement, and not for the purpose of converting it into a plea in bar. The answer, therefore, which the defendants desired to file by a certain day was an original pleading, and the application to the court to enlarge the time for this purpose, was addressed to its sound discretion. It was in the power of the court to grant or refuse it, especially as it was not accompanied by any statement or showing as to the facts to be interposed as a defence to the suit. The court should never be rigid as to the showing made on such applica-

tions at the appearance term, but it may certainly inquire into the reasons for delaying the cause, or the issue to be made on the merits; and if no sufficient reason is given, the party is not entitled to the indulgence.

Judgment affirmed.