## FRANCIS J. LEWIS *v.* JOHN J. BLACK.

It is a sufficient averment in a declaration for slander to set forth that the defamatory words were spoken, " whilst the plaintiff was giving testimony as a witness under the solemnities of an oath, before an acting justice of the peace;" and it is not necessary to aver that the testimony was given before a court on the trial of a cause, or that the court had jurisdiction of the subject-matter, or that the testimony related to a material fact at issue.

The jurisdiction of the court and the materiality of testimony in such cases, are presumed, until the contrary is made to appear.

The answer of defendant contained a general denial of the allegations in the declaration, setting out the evidence of the plaintiff on the trial of the case, and admitted that during the examination of the plaintiff as a witness, the defendant, who was conducting his own cause, by permission of the justice, interrogated witness as follows: " Do you say I put you on Williams's land ?" To which witness answered, "I do." Defendant replied, " That is a lie." The answer further alleged that plaintiff's answer to defendant's question, and his statement that defendant put witness on Williams's land were untrue; it does not admit that the words as charged in the declaration were spoken

36 *

by the defendant, nor is there any averment of their truth : — *Held*, that the demurrer was properly sustained to that part of the declaration, as the facts alleged in the answer constituted no excuse or justification for the words used.

It was competent for the defendant to make any defence, or introduce any evidence in mitigation of damages, under the general issue, which he could have done under an answer setting forth special facts.

The statute of 1850 (Acts of Leg. 62, § 14) regulating the forms of pleading, provides that either party may amend any pleading demurred to, of course, without cost; provided the same be done during the term of the court when the demurrer is decided. The twelfth section of the same act provides that either party may amend once, of course, at or before the second term, without cost; and " the pleadings shall in all cases be made up and prepared for trial at the second term of the court after the filing of the complaint, when the party shall be duly in court, unless special cause be shown, requiring further time : " — *Held*, that an original or amended answer filed at the third term of the court after the institution of the suit, is a matter of discretion with the court to let it remain or strike it out, unless the pleadings are in such a condition that the merits of the cause could not have been inquired of by the jury.

The words " you swore a lie, and I can prove it," if used with reference to a judicial proceeding in which the party charged had testified as a witness, are actionable at common law.

In all judicial proceedings the parties are permitted to speak freely ; and if they should make use of harsh expressions they are not liable to an action, although the same, when spoken on another occasion, would be actionable. But this privilege is not to be abused, nor is a party permitted to utter slanderous words against a witness by way of insult, and not in the course of his defence.

Where a party says he will prove the testimony of a witness to be false, he will not be liable to an action, although he fails in his evidence.

Neither would a party be liable to an action, if in the course of his argument he had undertaken to prove from the evidence that what the other party had sworn to was not true, although he failed in making it out.

In such instances it may fairly be presumed that the words were not spoken maliciously, but with a view to defence only.

A court is not bound to charge the plainest principles of law, unless they are not only pertinent to the issue, but are also relevant to and grow out of the evidence in the case.

Courts have no authority to set aside verdicts in actions under the statute, on account of alleged excess in the damages awarded by juries, for the statute makes juries in such cases the sole judges of damages sustained.

IN error from the circuit court of Noxubee county; Hon. John Watts, judge.

Lewis *v.* Black.

This was an action of slander instituted at the June term, 1850, of the circuit court of Noxubee county, by John J. Black against Francis J. Lewis, in which a judgment for the sum of $2,291 was rendered by the jury for Black.

The defendant demurred to plaintiff's declaration, and the demurrer was sustained to the third and sixth count of the declaration; and the court granted leave to the plaintiff to file an amended declaration, which he did, containing six counts; the first of which was at common law, and the other counts were founded under the statute. The defendant again demurred specially to the declaration, which was overruled by the court.

At the December term, 1850, of the court, an answer was filed by the defendant, and at the June term, 1851, by leave of the court, the defendant filed an amended answer denying the truth of all the allegations in all the counts; and to the first count he further answered that a case was pending before W. H. Simmons, a justice of the peace, of Williams against Francis J. Lewis, for cutting timber or trees from Williams's land. John J. Black, as a witness for Williams, swore that he cut trees on Williams's land for Lewis, who put him (Black) on the land of Williams; and near the close of Black's testimony, he, Lewis, conducting said cause for himself, said to Black: " Do you say that I put you on Williams's land ? " Black answered, " I do." Lewis replied, " That is a lie." All this was in open court while Lewis was conducting his defence, and defendant avers that Black's statement was untrue. Defendant further avers that all words subsequently used by him about plaintiff were only repetitions of the words used as aforesaid, and were by way of explanation called for by Black.

This was pleaded in bar of the first count; and the plaintiff took issue on this answer, but demurred to the plea of justification or excuse. For special causes of demurrer he assigned the following : —

1. The matters alleged by way of defence do not constitute a cause of sufficient justification.

2. It is not alleged that the words spoken were in his de-

fence, nor by way of argument to the justice's court, nor that they were spoken without malice, or that they were true.

The court sustained the demurrer, and the plea of justification was held bad.

The defendant, then, without leave of the court, filed another plea of the same matter " in justification and mitigation of damages;" which plea, on motion of plaintiff's counsel, was struck out, to which action of the court no exceptions were taken by defendant's counsel.

On the issue joined upon the truth of the charges, the parties went to trial.

The plaintiff proved that the words alleged to be slanderous, were used by Lewis about plaintiff at three different times: First, on Black's examination at the trial before the justice of the peace; second, outside of the court room, directly after trial; third, at the Presbyterian church, on some subsequent day.

The following was the only charge given for the plaintiff: " If the jury believe from the evidence, that the charge of falsehood was made with either fraud, malice, gross negligence, or oppression, the jury may give punitory, vindictive, or exemplary damages."

The court below gave all the charges asked for by the defendant, except the fourth and fifth charges, which are as follows: —

4th. The words spoken of the plaintiff, " You swear a lie, and I can prove it," are not actionable in themselves.

5th. " If the jury believe from the evidence, that the defendant Lewis used the words proven, when he was defending the suit of Williams against himself in the justices' court, and when he was commenting as defendant on Black's testimony in said cause, and were used by Lewis without express malice, and upon a material point of the testimony, they will find for the defendant."

No exceptions were taken to charges which were given on either side. After the verdict was rendered for the plaintiff, the defendant moved for a new trial, which was refused by the court below, and Lewis then prayed a writ of error to this court.

*Foote*, *Ruff*, and *Dabney*, for appellant,

Filed elaborate written arguments, examining and reviewing the law and the testimony in the case at great length.

*D. Shelton*, for appellee,

In reply, filed a lengthy argument to sustain the decision of the court below.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action of slander brought in the circuit court of Noxubee county. The defendant demurred, and the demurrer was sustained to the third and sixth counts of the declaration; whereupon, by leave of the court, plaintiff filed an amended declaration containing six counts, the first of which was at common law; the remainder were framed under the statute of 1822. Hutch. Dig. 801, art. 3, § 9. The defendant again demurred specially, and assigned causes of demurrer to each of the counts. The demurrer was overruled, and the defendant answered under the provisions of the act of 1850, regulating the forms of pleading in the circuit courts. The answer having been lost or mislaid, the defendant, at the third term from the commencement of the suit, was allowed to file a new answer. The plaintiff demurred to part of this answer, and replied to the remainder. The demurrer was sustained, and the general issue in short was filed, after which the defendant, without leave of the court, filed an additional plea or answer, in which he justified and alleged matter in mitigation of damages. This plea or answer, upon motion was struck out, and the cause submitted to the jury, who returned a verdict for the plaintiff, assessing his damages at $2,291. A motion was entered for a new trial, which was overruled; whereupon the defendant excepted, and sued out a writ of error to this court.

Various exceptions are now taken to the judgment. The exceptions refer, 1st, to the judgment on the defendant's demurrer to the declaration; 2d, to the decision on plaintiff's demurrer to the answer, and the action of the court in striking out the plea or answer of the defendant; 3d, to the refusal of the court to give the instruction requested by the

defendant; and 4th, to the decision on the motion for a new trial.

I. The special causes of demurrer assigned to the declaration are very numerous; but as they in effect present but few objections, it will not be necessary to notice them in detail. These objections, and they are applied to each of the counts, are, 1st, it is not stated in the declaration, that the plaintiff's testimony was given before a court on the trial of a cause, or that the court had jurisdiction of the subject-matter of the suit; 2d, it is not averred that the testimony of the plaintiff was material to the issue; and 3d, the declaration contains no legal cause of action.

1. It is expressly averred in the first count, that the slanderous and defamatory words were spoken, " whilst the plaintiff was giving testimony as a witness under the solemnities of an oath, before one William H. Simmons, an acting justice of the peace in and for said county, in a case pending before said justice of the peace, wherein one Bryan S. Williams was plaintiff, and the said Francis S. Lewis was defendant." This averment is not repeated specially in the succeeding counts; but these counts contain a reference to the said trial, and the justice before whom it was had, by appropriate words. This was clearly sufficient. The first branch of this objection was, therefore, not well taken in point of fact.

The second branch of this objection may be disposed of in connection with the second ground of demurrer.

It was unnecessary for the declaration to have averred that the justice before whom the trial was had, had jurisdiction of the subject-matter of the suit. This is well settled on authority. Nor was it necessary to aver that the testimony of the plaintiff related to facts material to the issue. The jurisdiction of the justice and the materiality of the evidence are both presumed, until the want of jurisdiction in the justice, and the immateriality of the evidence, are made to appear. *Chapman* v. *Smith*, 13 J. R. 78; *Crookshanks* v. *Gray*, 20 Ib. 344; 3 Hill, R. 21; 12 Mass. R. 498; 8 Ala. R. 510; 2 McMullan's R. 112.

2. The five last counts were framed under the statute. The averments bring the case completely within its provision. We

do not think their sufficiency admits of question.  Nor do we think the first count objectionable upon the ground that the words charged are not actionable.

The questions here are, whether the words are actionable in themselves, or whether, from the circumstances connected with their publication, as averred in the introductory matter, they necessarily conveyed to the mind of the hearer the imputation of perjury.

Conceding that the words charged to have been spoken do not constitute a formal and direct accusation of perjury, it is manifest they convey such an imputation.  *Magee* v. *Stark,* 1 Humph. R. 506; *Hamilton* v. *Dent,* 1 Hay. 116; *Jacobs* v. *Tyler,* 3 Hill, N. Y. R. 572; *Coons* v. *Robinson,* 3 Barb. S. C. R. 626; *Fowle* v. *Robins,* 12 Mass. 498; *Wilson* v. *Harding,* 2 Blackf. 241.

II. The answer contained a general denial of the allegations in the declaration; sets out the evidence of the plaintiff on the trial referred to; and admits that during the examination of the plaintiff as a witness, the defendant, who was conducting his own cause, by permission of the justice, interrogated the witness as follows:  Do you say "I put you on Williams's land?"  To which the witness answered, "I do."  The defendant replied, "That is a lie."  The answer further alleged that plaintiff's answer to defendant's question, and his statement that defendant put witness on Williams's land, were untrue; and that all subsequent words used by the defendant concerning the plaintiff, in relation to his testimony, were but repetitions of the words used in the first instance.

The decision sustaining the demurrer to this, as an answer or plea of justification, is the subject of the next objection.

1. We are clearly of opinion, for the following reasons, that the answer was not good as a justification.  1. It is not admitted that the words, as charged in the declaration, were spoken by the defendant; nor is there an averment of their truth. 2. The facts alleged in the answer constitute no excuse or justification.  It sets out certain words alleged to be used by the defendant; but it is not averred, nor does it otherwise appear, that they were spoken in good faith and without malice, in the

exercise of a just privilege, in commenting upon the testimony in the cause then under examination before the justice. On the contrary, it appears from the answer, that the words charged were addressed to the plaintiff while under examination as a witness, and not to the justice.

2. But it is contended that the answer should have been sustained, as an answer alleging facts in mitigation of damages. It is unquestionably true, that under the provisions of the statute in regard to the forms of pleading in the circuit courts, it was competent for the defendant to have justified, and also to have alleged in his answer facts in mitigation of damages. It is, however, evident that the defendant did not intend, at least it is certain that no fact averred in the answer could have the effect to mitigate the injury complained of. The fact that his subsequent statements were only repetitions of the words first uttered by him, and that they were used in explanation called for by the plaintiff, could not have the effect to lessen or palliate the wrong committed in the first instance. The evident object of this averment was to show that no other words were spoken by the defendant, except those which he had set out in his answer, and which he attempted to justify.

3. There is another reason why we should not, perhaps, disturb the judgment, if we were doubtful of the propriety of the decision on the demurrer. He was not debarred of any right by this judgment, as it was competent for him to make any defence, or introduce any evidence in mitigation of damages under the general issue, which he could have done under an answer alleging facts in mitigation. The evidence in the record, moreover, shows that the defendant availed himself of this right. He was therefore, in fact not injured by this action of the court, if erroneous; and consequently has no cause of complaint.

4. The error next assigned is, that upon the motion of the plaintiff, the plea or answer of the defendant was struck out. This plea or answer was filed at the third term, and we presume after the demurrer to the answer was disposed of.

The 14th section of the statute regulating the forms of pleading provides that either party may amend any pleading de-

Lewis v. Black.

murred to of course, and without cost, provided the same be done during the term of the court when the demurrer is decided. And it is contended that under the provisions of this section the defendant was entitled, without leave, to file the plea or answer in question.

To determine whether this section should be so construed as to give the party whose pleading has been demurred to the unqualified right, at any term, to amend, we must look to the several provisions of the act.

By the 12th section it is provided, that either party may amend once of course, at or before the second term, without costs and without prejudice to the proceedings already had; and that "the pleadings shall in all cases be made up and prepared for trial at the second term of the court after the filing of the complaint, when the party shall be duly in court, unless special cause shall be shown requiring further time."

The construction under which it is insisted that the defendant was entitled to amend at the third term after he was duly in court, conflicts with the express declaration of the 12th section, which declares that "the pleadings shall, in all cases, be made up and prepared for trial at the second term." But it is our duty, if it can be done consistently with the correct rules of interpretation, to avoid this conflict, and at the same time to give full effect to each of these provisions. In doing this, there seems to be little difficulty. A party whose pleadings are demurred to has a right to amend once as a matter of right, and of course without leave first obtained; but he must amend so that the cause shall be ready for trial at the second term. *Morrison* v. *Gaillard*, 25 Miss. R. 194. This construction avoids the conflict, and gives to each provision its full operation.

According to this construction, the defendant was not entitled, as a matter of right, to file the plea or answer, even if it had been tendered as an amended answer. But it does not purport upon its face, nor does it appear otherwise from the record, that it was presented as such. It was hence a matter of discretion with the court whether to let it remain, or to order it to be stricken from the bill, unless the pleadings were in a condition in which the merits of the cause could not have been

inquired of by the jury. In such a state of the pleadings, it was unquestionably the duty of the court to order the proper issues to be made up; or to allow it to be done by the parties. If such were the state of the case, and the plea or answer of the defendant presented the proper defences, and in an unexceptionable form, the motion to strike it out should not have been sustained. Was such the condition of the pleadings? or did the plea present the proper defences?

1. The cause was at issue upon the plea of not guilty. Under that issue, it was competent for the defendant to disprove every material allegation of the declaration; and he could have given in evidence under it every fact in mitigation of damages which could have been made available under a special plea, except the truth of the defamatory words alleged to have been used. 2 Greenl. Ev. § 421. And even that could have been done, if the plaintiff had attempted to prove the falsehood of the accusation, for the purpose of increasing the damages. Hence the pleadings were not such as to authorize the court to require them to be amended.

2. The plea, regarded as a plea of justification, is manifestly bad. It does not admit the speaking of the words, as charged in the declaration. It alleges that other language, not averred in the declaration, was employed by the defendant, and does not allege that it was true, but avers that the testimony of the plaintiff, concerning which the accusation was made, was false, and offers to verify. The allegations of this plea were identical in substance with those of the answer, which had been adjudged bad on the demurrer; and was hence properly struck out.

III. The next objection applies to the refusal of the court to grant the fourth and fifth charges requested by the defendant.

1. The fourth instruction was asked for in these words, to wit: "That words spoken of the plaintiff, 'you swore a lie, and I can prove it,' are not actionable in themselves, nor are they actionable at common law."

This instruction was correctly withheld. Instructions should not only lay down correctly the rules of law pertinent to the

issue, but should likewise be framed with reference to the evidence in the cause. It is very clear, upon authority, that if this language was used in reference to a judicial proceeding, in which the plaintiff had testified as a witness, it would have been actionable. The evidence showed that the defamatory language employed by the defendant had reference to the testimony delivered by the plaintiff on a trial in magistrate's court. But there was another and a still more obvious reason why the instruction should not have been given. The action was brought on the statute which declares that all words are actionable, " which, from their usual construction and common acceptation, are insults, and lead to violence and breach of the peace."

2. The fifth instruction was as follows: " If the jury believe from the evidence that the defendant, Lewis, used the words proven whilst he was defending the suit of Williams against him when in the justices' court, and when he was commenting as defendant on the testimony of Black in said cause, and were used by said Lewis without express malice, and upon a material point in the testimony, they will find for the defendant."

The rule by which the abstract truth of the principle contained in this instruction is to be tested, is well laid down in the case *Kean* v. *McLaughlin*, 2 Serg. & Rawle, 470. " In all judicial proceedings," say the court, " the parties are permitted to speak freely; and if they should ever make use of harsh expressions, they will not be liable to an action, although the same words spoken on another occasion would be actionable. But this privilege is not to be abused, nor is a party permitted to utter slanderous words against a witness by way of insult, and not in the course of his defence. If the defendant had said that he would prove the testimony of the witness to be false, he would not be liable to an action, although he had failed in his evidence; neither would he have been liable, if in the course of his argument he had undertaken to prove from the evidence that what the plaintiff had sworn was not true, although he failed in making it out; because, in both these instances, it may fairly be presumed that the words were not spoken maliciously, but with a view to defence." *Bradley* v.

*Heath,* 12 Pick. R. 163; 1 Burr. 186; 4 Esp. R. 71; 1 Camp. R. 267; Ib. 269; *Lake* v. *King,* 1 Saund. 130, note.

Applying the rule recognized in this case, and which is sustained by authority and upon principle, the charge in itself was not objectionable. But a court is not bound to charge the plainest principles of law, unless they are not only pertinent to the issue, but are also relevant to, and grow out of the evidence in the cause. This rule has been repeatedly held by this court.

In the case before us the evidence all concurs, without the slightest exception in any one particular, that the slanderous language was addressed to the plaintiff while under examination as a witness in the magistrate's court; and that it was not used whilst the defendant was giving testimony himself, or in commenting upon that of the plaintiff; and that the words were made use of on occasions and under circumstances which rebutted the presumption, which would have arisen on the case stated in the instruction, that they were uttered without malice, and in good faith. There was, therefore, no error in this action of the court.

IV. The courts have no authority to set aside a verdict in actions under the statute, on account of alleged excess in the damages awarded by the jury. The statute provides expressly that the jury in such cases shall "be the sole judges of the damages sustained." The last exception was therefore not well taken, were it even admitted that the damages were disproportioned to the injury inflicted.

Judgment affirmed.