DONALD *et al. v.* COMMERCIAL BANK OF MAGEE *et al.*

Division B.    July 2, 1923.

[97 South., 12.  No. 23364.]

1. TIME. *Advertisement for sale of land under deed of trust held suffi-
cient; "three consecutive weeks."*

Under section 2772. Code 1906 (section 2276, Hemingway's Code).
which provides that a sale of land under a deed of trust shall
be advertised for "three consecutive weeks" preceding such sale,
in a newspaper, and the advertisement duly appeared for three
consecutive weeks, and the sale was made seven days after the
last publication, this was a compliance with the law.

2. TIME. *First day of publication of advertisement for sale of land
under deed of trust excluded and day of sale included in com-
puting time for advertisement.*

In computing this time the first day of the publication is excluded
and the day of sale included both under the common law and
section 1607, Code 1906 (section 1374, Hemmingway's Code).

APPEAL from chancery court of Simpson county.
HON. BEE KING, Chancellor.

Suit by G. L. Donald and others against the Commercial
Bank of Magee and others.  From an order sustaining a
demurrer to the bill, plaintiffs appeal.  Affirmed.

*Chalmers Alexander,* for appellant.

The point at issue is the sufficiency of the advertisement
prior to foreclosure sale.  The trustee, D. M. Russell, made
publication in the Magee Courier on January 12th, Jan-

uary 19th, and January 26th and he sold on February 2nd, which was the date advertised for sale. Was there a publication of three weeks, twenty-one days "between the first publication and the day for the . . . thing for which publication shall be made," to quote from the statute, Code 1906, section 1607.

What does section 2772, Code 1906, mean by this group of three words, reading, "three weeks preceding?" Under the Code Chapter on Definitions, we have two statutes, one defining the rule for computing the number of days of legal notice (to-wit, Code of 1906, section 1606), and the other defining the rule for making newspaper publication "for three weeks," (Code 1906, section 1607). These two Code sections are different and are based on different reasoning and are not analogous to each other. If the rule had been the same as regards days and weeks, the two periods of time, to-wit days and weeks, would have been included on and under one Code Section. The days must be twenty-one in number between January 12th and February 2nd, for the Code of 1906, section 1607, distinctly says that there must be three weeks (i. e. twenty-one days) between—note the word, between,—the first publication of January 12th and the day of sale, February 2nd. Counting the days "between" we find only twenty. It seems to the appellant, therefore, that there has not been a three-weeks' foreclosure advertisement of sale. We refer to the decisions, however, showing the understandings of our courts and law-writers as to the meaning of the phrase "three weeks between." *Enochs* v. *Miller,* 60 Miss. 19; 26 R. C. L., 18, 744; *Atkins* v. *Blyleston,* 39 Am. Dec. 692 (Mass.); *Weir* v. *Thomas,* 44 Neb. 507; 48 Am. St. Rep. 741; *State* v. *Michel,* 78 Am. St. Rep. and note; 140 Ala. 7; *Delaware R. R. Company* v. *Mehrhof Bros. Co.,* 53 N. J. L., 205, Footnote citation, 78 Am. St. Rep. 386; *People* v. *Hornbeck,* 61 N. Y. Supp. 978, 30 Misc. Rep. 212; *Kendall* v. *Kingsley,* 120 Mass. 94, 95; *Wimnas* v. *Thorp,* 87 Ill. App. 297, 298; *Fowler* v. *Rigney* (N. Y.), 5 Abb. Prac. (N. S.) 182, 184; *Cook* v. *Gray,* 6 Ind. 335,

337; *Bunce* v. *Reed* (N. Y.), 16 Barb. 347, 352; *Robinson* v. *Foster*, 12 Iowa 186, 188; *Johnson* v. *State*, 141 Ala. 7, 19 Am. St. Rep. 17, 37 So. 421; *Simpson* v. *Robert*, 35 Georgia, 180.

In conclusion, since we have the words "between" as set forth in one code section (Code 1906, sec. 1607) relative to number of weeks prescribed; and since we have the word, "preceding" in the phrase, "preceding such sale," and since statutes must be construed strictly and not generally; it must follow that for one as trustee to make foreclosure of land deed of trust by advertisement, etc., he must see to it that, as the code uses the words "between" and "preceding," there must be full twenty-one days between the first publication's close and the day of sale; and that such twenty-one days shall one and all precede the day of sale.

*Wells, Stevens, & Jones, R. C. Russell,* and *Scott & Scott,* for appellee.

The bill of complaint shows upon its face that the sale made on the 2nd day of February, 1912, was legal and valid and binding upon the complainants, because under the rule both at common law and under the statute law of Mississippi, in computation of time the proper method is to exclude the first and to include the last day, upon which calculation it will be readily seen that the sale was legally made. The statutes controlling sales under deeds of trust are as follows, to-wit: Section 2772, Code of 1906 (section 2276, Hemingway's ·Code) ; Section 1606 of the Code of Mississippi of 1906 (section 1373, Hemingway's Code) ; Section 1607 of the Code of 1906 (section 1374, Hemingway's Code).

It is well settled at common law that in computation of time the first day is excluded and the last day included. 45 Century Digest—Time—, section 22, citing the following authorities: *Smith* v. *Force,* 31 Minn. 119; *Young* v. *Krueger,* 92 Wis. 361; *Garner* v. *Johnson,* 22 Ala. 494; *Baxter* v. *Bennett,* 33 Ga. 146; *English* v. *Osborn,* 59 Ga. 392;

*Forsyth* v. *Warren,* 62 Ill. 68; *Womack* v. *McAhren,* 9 Ind. 6; *Martin* v. *Reed,* 9 Ind. 180; *Blair* v. *Davis,* 9 Ind. 357; *Monroe* v. *Paddock,* 75 Ind. 422; *Reigelsberger* v. *Stapp,* 91 Ind. 311; *Keer* v. *Haverstick,* 94 Ind. 178; *Beckwith* v. *Douglas,* 25 Kan. 229; *Pollard* v. *Yoder,* 9 Ky. (2 A. K. Marsh), 264; *Ogden* v. *Redman,* 10 Ky. (3 A. K. Marsh), 234; *Taylor* v. *Harris,* 82 N. C. 25; *Bartow* v. *Abbe,* 16 Ohio 408; *Black* v. *John,* 68 Pa. (18 P. F. Smith) 83; *Buist* v. *Mitchell,* 8 Briv. 485; *Dickinson* v. *Lee,* 42 Tenn. (2 Cold.) 615; *Bellmer* v. *Blessington,* 136 Cal. 3; *Cefret* v. *Burch,* 1 Blackf. 400; *Cheek* v. *Preston,* 34 Ind. App. 343; *Dills* v. *Zeigler,* 1 G. Green 164 (48 Am. Dec. 370); *Matthews* v. *Arthur,* 61 Kan. 455; *Stewart* v. *Barber,* Harwell, N. P. 101; *Justice* v. *Meeker,* 30 Pa. Super. Ct. 207; *Williams* v. *Halford,* 64 S. C. 306. The law is well settled in Mississippi under Mississippi decisions. From the very earliest days of Mississippi jurisprudence, long before there was any definition and rule in the statute as to how time should be computed, it was laid down by this honorable court that under the common law since there was no fraction of a day in contemplation of law, that in computing time, the first day should be excluded and the last day included. And this, too, in construing statutes where the word "between" so much emphasized by counsel for appellant, appears in the statute. *Hall & Duglass* v. *A. A. Cassidy* (3 C.), 25 Miss. 48; *H. F. Morrison et al.* v. *Jane A. Gaillard,* 25 Miss. 194; *Rainet & Richards* v. *Planters Bank of Tennessee* (4 C.), 26 Miss. 177; *Curtis* v. *Blair* (4 C.), 26 Miss. 309; *Mitchell et al.* v. *Woodson* (8 G.), 37 Miss. 567; *Enochs* v. *Miller et al.,* 60 Miss. 19; *Skinner* v. *Wilson,* 61 Miss. 90, construing section 1743 of the code of Mississippi of 1880; *Nickles* v. *Kendrick,* 76 Miss. 334, arising under section 1525 of the Code of 1892.

A sale under a deed of trust can legally be made when the sale has been published for three issues of the paper. That is, once each week for three weeks. But that sale can legally be made under the previous decisions of this

court only on one certain date, and that is the 22nd day, computing the time by excluding the date of the first publication, and including the date of sale. That is to say further, to illustrate, that if the advertisement first appears on the first of the month, the second advertisement on the 8th, and the last on the 15th, that the sale can be legally made only on the 22nd day of the month. Second, a sale made under the above rule cannot be made on the 15th, 16th, 17th, 18th, 19th, 20th, or 21st, because in that instance the requirement of the statute has not been met to the effect that—"But there must be three weeks between the first publication and the date for the appearance of the party or other thing for which the publication shall be made." Under *Lake* v. *Castleman,* 116 Miss. 175; *Planters, etc.* v. *Braxton,* 120 Miss. 470; *Maris, et al.* v. *Lindsey,* 124 Miss. 742, the sale could not be made on the 23rd day, or any day thereafter without a fourth publication of the notice of sale on the 22nd, because unless the fourth publication were made, the date of the sale would be more than seven days from the date of the last publication, and under these rulings of the court, the sale would be void.

Argued orally by *Chalmers Alexander* for appellants and *W. C. Wells* and *Frank Scott,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The complainants in their bill seek to have declared invalid a sale of certain lands under a deed of trust. Among other provisions in the deed of trust is one which states that the trustee may sell "after giving notice for three consecutive weeks in some newspaper published in said county." The notice was published in the newspaper on January 12th, 19th, and 26th, and the sale was made on February 2d. A demurrer was sustained to the bill; the court in effect thereby holding that proper notice by publication was given and a valid sale held.

Section 2772, Code of 1906, section 2276, Hemingway's Code, provides:

"Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county."

It is the contention of the appellants (complainants in the lower court) that there was not an advertisement published in the paper for three consecutive weeks preceding the sale; that three weeks means three full weeks of twenty-one days, and that in making this calculation you exclude from the count both the first day of the advertisement and the day of the sale. Counting these two days there would be twenty-two days including first day of advertisement and day of sale. Excluding one and counting the other, there are twenty-one days, or three weeks. Appellants contend that section 1607, Code of 1906, section 1374, Hemingway's Code, which relates to a publication for three weeks in a newspaper, which portion relied upon reads as follows: "But there must be three weeks between the first publication and the day . . . for which the publication shall be made"—that this necessarily means that the first day of publication and the day of sale must be excluded and that twenty-one days must come in between these two days.

The appellees contend that under the common law and also under section 1606, Code of 1906, section 1373, Hemingway's Code, that in computations of this character, whether it be of weeks or days, one day is counted and the other excluded. Section 1606, expressly provides that "the day of serving the process or of giving the notice shall be excluded and the day of appearance included."

The common-law rule with reference to the computing of time by this court before the passage of the above section was to exclude the first day and include that fixed for the performance of the act. "The proper mode of computing time, where notice for a specific time is to be given before an act can be done, is to exclude the day on which the notice was given, and include the day fixed for

the performance of the act." *Hall* v. *Cassidy*, 25 Miss. 48.

Again: "The statute . . . requires publication of notice to nonresident defendants in chancery to be made once 'a week for one month.' This means that the publication shall be made for a calendar month, which period must intervene between the date of the first publication and the date of the last, excluding one and including the other of these dates." *Mitchell* v. *Woodson*, 37 Miss. 567.

To the same effect is the case of *Grocery Co.* v. *Tompkins*, 111 Miss. 592, 71 So. 866.

In the case of *Planters' Mercantile Co.* v. *Braxton*, 120 Miss. 470, 82 So. 323, this court held a sale void because nine days elapsed between the last publication and the day of sale. Section 2772, Code of 1906, *supra* expressly provides that a sale may be made after giving a three weeks publication. The sale in this case took place exactly one week after the last publication. The effect of this decision is that the sale must take place within a week after the last publication, otherwise the advertisement does not precede the sale. It is there said:

"If a longer period of time than one week may elapse from the date of the last advertisement and the day of sale, it logically follows that several weeks or several months might elapse."

The correctness of the Braxton decision was earnestly challenged in the *Maris Case*, 124 Miss. 742, 87 So. 13, and the decision adhered to. The writer of this opinion, however, did not agree with the majority of the court in that opinion. If the contention of the appellants in this case be upheld, then there could not be a sale on the seventh day because there had not been three weeks between the first publication and the day of sale. Under the *Braxton and Maris Cases, supra,* there could not be a sale under this advertisement after the seventh day, because a week had expired between the last publication and the day of sale, therefore, though the statute only prescribes for an advertisement of three weeks in a newspaper, it would necessarily follow that there could be no sale on a three

weeks advertisement. In computing the time that must elapse between the last advertisement and the day of sale this court in these two opinions has dealt with days and not with weeks.

Whether the time to be counted be weeks or days, both under the common-law rule and under our statutes, the first day is to be excluded and the last included. Section 1607, Code of 1906, *supra,* prescribing a publication for three weeks, was not meant to and does not interfere with this method of inclusion and exclusion. The learned chancellor so held, and the decree is affirmed.

*Affirmed.*