MISSISSIPPI CENT. R. Co. *et al. v.* AULTMAN *et al.*

(Division B.   April 8, 1935.   Suggestion of Error Overruled May 20, 1935.)

[160 So. 737.   No. 31636.]

Brady, Dean & Hobbs, of Brookhaven, for appellants.

628

630

632

**Hannah & Simrall,** of Hattiesburg, for appellants.

634

**Hall & Hall** and **Henry Mounger,** all of Columbia, for appellee.

Argued orally by **T. C. Hannah** and **T. P. Brady,** for appellant, and by **Lee D. Hall,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellees, the parents and brothers and sisters of Alice Aultman, deceased, brought this action in the circuit court of Jefferson Davis county against appellants, Mississippi Central Railroad Company and Evans, one of its passenger engineers, and Williamson, the driver of a school bus, to recover damages for the alleged wrongful death of the daughter and sister, resulting from a

collision between one of the passenger trains of the railroad company and the bus. There was a verdict and judgment in the sum of six thousand dollars against all of the defendants, from which judgment the railroad company and the engineer prosecute this appeal.

Williamson, the driver of the school bus, drove upon the railroad crossing going south in the village of Bassfield and was struck by the railroad company's westbound passenger train. The bus contained about forty persons, most of them school children. The bus was carried about one hundred eighty feet on the pilot of the engine; some of the children were killed and others injured. Alice Aultman was one of the children who was killed; her body was found fastened under the pilot of the engine and crushed. The train had to be backed a little in order to release her body.

The declaration was in two counts, the first based liability on the alleged failure of the railroad company to comply with the bell and whistle statute, section 6125, Code 1930; the second count on the alleged failure of the engineer in charge of the train to exercise reasonable care to prevent the collision after he realized the danger.

Appellants contend that the case was not triable at the return term, because they were not served with process for the required length of time before the beginning of the term. Summons was served on July 21, 1934, returnable August 20, 1934, the first day of the next term. Appellants made a motion to continue until the next term, upon the ground that under the law they could not be put to trial at the return term unless thirty clear days had intervened between the service and the return of the process. In other words, that both the day of service and the day of return had to be excluded. The court overruled the motion to continue. That action of the court is assigned and argued as error. The court held that only one day had to be excluded. Section 575, Code 1930, provides, among other things, that actions in

the circuit courts in which the defendants have been personally served with process for thirty days before the return day shall be tried at the return term, unless continued by consent, or on cause shown.

Section 474 provides that all things contained in the chapter on circuit courts (both of those sections being parts of the chapter on circuit courts), not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever. Section 1397, which is a part of the chapter on definitions, provides that when process shall be required to be served or notice given any number of days, the day of serving the process or of giving the notice shall be excluded and the day of appearance included; and in all other cases when any number of days shall be prescribed, one day shall be excluded and the other included, and that when the last day falls on Sunday, it shall be excluded; but in other cases Sunday shall be reckoned in the computation of time.

Appellants argue that section 575, construed in connection with section 474, is unambiguous, and not subject to construction, and therefore resort cannot be had to section 1397 to ascertain its meaning; that section 575 plainly provides that trial cannot be had at the return term unless there has been service of process "for thirty days *before* the return day." Section 1397 first made its appearance as article 8, chapter 64, Code 1857. Before its adoption, of course, the common law prevailed. Morrison v. Gaillard, 25 Miss. 194, and Hall v. Cassidy, 25 Miss. 48, were both decided before its adoption. The statute passed on in the Morrison Case required that summons be "executed five days before the return day." The process was executed on February 25, 1852, returnable the following Monday, March 1, 1852. The question was whether the service was sufficient to require the appearance of the defendant on the return day. The court held that the day of service should be included and

the return day excluded. In the Hall Case the court construed a statute requiring the publication of notice for "four clear weeks from the day of publication." The notice was published for the first time on September 15, 1849, requiring appearance on October 13th following. The court held that the publication had not been made for the required time; that to make four weeks it was necessary to count the first insertion of the notice as well as the day on which the case was to be heard; that the "proper mode of computing time where notice for a specific time is to be given before an act can be done is to exclude the day on which the notice is given and include the day fixed for the performance of the act." That is the rule laid down in 62 C. J., sec. 43, p. 996. In Hattiesburg Grocery Company v. Tompkins, 111 Miss. 592, 71 So. 866, there was considered the statute of limitation governing suits on judgments. The statute provided that actions on judgments should be brought within seven years next after the rendition of the judgment. The court held that the day of the rendition of the judgment was excluded in the court. It is true that that decision is not directly in point, but it is at least persuasive. Section 1397, Code 1930, is exclusively a process statute and is universal in its application, unless there is a different specific method of computing time laid down in the particular statute under consideration. That is not true of section 575.

The first count of the declaration, founded on the alleged failure to comply with the bell and whistle statute, section 6125, Code 1930, is eliminated from consideration for these reasons: The court instructed the jury to return a verdict in favor of Evans, the engineer, under the first count. This instruction was given on the theory that the statute applied alone to the railroad company, and not to the engineer or any of its other servants. Whether or not the court erred in so instructing the jury is not decided, because not presented for decision. The

court instructed the jury for the appellees that they could not return a verdict against the engineer without also returning a verdict against the railroad company. The jury returned a general verdict against all the defendants. In view of these two instructions, such a verdict could not have been returned except under the second count. The rule is that where there is a general verdict for the plaintiff under a declaration containing two counts leading to the same liability, such verdict is sufficient if sustained under either count. Levy v. McMullen, 169 Miss. 659, 152 So. 899.

The court refused the request of the railroad company for a directed general verdict, and also for a directed verdict on the second count. There was no error in refusing both requests.

The issue was whether, when the engineer saw and appreciated the danger of the collision with the bus, he used reasonable care to avoid it. The evidence was not all one way; there was sufficient evidence to sustain the verdict. The locomotive had all modern equipment, including sand. The evidence for appellees tended to show that the engineer saw and appreciated the danger of the collision when the train was running only about twelve miles an hour and the crossing was from seventy-five to one hundred feet ahead, and that by applying all the means at hand, including sand on the rails, the collision would not have occurred. The engineer admitted in his testimony that he did not apply the sand. The evidence also showed that the bus was carried about one hundred eighty feet west of the crossing, and that the deceased, Alice Aultman, was found under the "cowcatcher." In other words, the engineer admitted that after he saw and appreciated the danger while the train was running only about twelve miles an hour, he ran something like two hundred seventy to two hundred eighty-five feet before stopping. The evidence did not show where, between the crossing and the stopping

place, Alice Aultman was crushed and killed; her life might have been saved if the train had stopped within one hundred fifty feet of the point where the engineer saw and realized the danger of the collision. When the engineer saw and appreciated the peril, it was his duty to use every reasonable means to prevent the collision. Gulf & S. I. Railroad Co. v. Williamson, 162 Miss. 726, 139 So. 601; Yazoo & M. V. Railroad Co. v. Daily, 157. Miss. 3, 127 So. 575; and prior decisions cited.

Mobile & O. Railroad Co. v. Bryant, 159 Miss. 528, 132 So. 539; Brookhaven Lumber & Mfg. Co. v. Railroad Co., 68 Miss. 432, 10 So. 66; and Donahue v. Kelly, 181 Pa. 93, 37 A. 186, 59 Am. St. Rep. 632, relied on by appellants, are not in conflict with those decisions. They are distinguishable on their facts.

Appellants invoke the emergency doctrine, which is that where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. However, the arising of an emergency does not relieve one from the obligation of exercising ordinary care; if he does not, he is chargeable with negligence, notwithstanding the emergency, "the proper test being how the circumstances ought to have appeared to him in the exercise of reasonable care." 45 C. J. 710-713. We do not think the emergency was such as to take the issue away from the jury.

The giving of the following instruction for appellees is assigned and argued as error: "The court instructs the jury for the plaintiffs that if you believe from the evidence that on the occasion in question, the deceased, Alice Aultman, was riding in the school bus in question and that said bus then and there approached the crossing in question on Hawkins avenue as the train of the defendant, Mississippi Central Railroad Company approached said crossing, and that the driver of said bus

stopped the same and then started upon the said crossing and that the deceased was thereby placed in a position of peril and danger from the running of said train and that the deceased and the driver of said bus were ignorant of the said peril, and that the defendant R. Evans, engineer for the defendant, Mississippi Central Railroad Company, saw the said bus was going upon said crossing and realized that there was danger of a collision between said bus and said train and that said engineer saw, knew and appreciated the said position of peril of said bus in time to have stopped said locomotive and train before injuring and killing the said Alice Aultman, and that with such knowledge and appreciation, if any, that the said engineer negligently failed to exercise reasonable care to stop said train before injuring and killing the said Alice Aultman, and that said engineer by the exercise of reasonable care, could have stopped said train before injuring and killing said Alice Aultman after he knew and appreciated the fact that a collision was imminent and impending between said train and bus, and that said engineer thereafterwards negligently failed to exercise reasonable care to stop said train before injuring and killing said Alice Aultman, then the jury should return a verdict in favor of the plaintiffs and against the defendants, Mississippi Central Railroad Company and R. Evans.'' There was no error in giving this instruction; it was justified by the Williamson and Daily cases.

Three locomotive engineers testified on behalf of appellees that they had had experience in operating locomotives of the character of the one here involved; that they were familiar with the surrounding conditions, including the grade of the track; and that in their opinion running at a speed of something around twelve miles an hour, the train ought to have been stopped before it reached the crossing, at least soon thereafter. Appellants objected to their evidence on the ground that they

did not qualify as experts. There is no merit in that contention. New Orleans Great Northern Railroad Co. v. Branton, 167 Miss. 52, 146 So. 870; Wigmore on Evidence (2 Ed.), sec. 561; Inland & Sea-Board C. Co. v. Tolson, 139 U. S. 551, 11 S. Ct. 653, 35 L. Ed. 270.

Appellants contend that the court erred in passing on the jury. Appellees accepted twelve jurors and tendered the full panel to appellants and the defendant Williamson, who did not appeal. The attorney for the railroad company moved the court to require Williamson to pass on the jury first. The court sustained the motion and Williamson complied therewith. The attorney for Evans, the engineer, then moved the court to allow Evans four peremptory challenges. The attorney for the railroad also demanded four peremptory challenges. The court ruled that Williamson was entitled to four, because his interest and the interest of the railroad company were opposed to each other, and that the interest of Evans, the engineer, and that of the railroad company were identical, and for this reason the engineer and the railroad company should have four peremptory challenges jointly to be divided between them as they might see fit. On the completion of the jury, appellees exercised only two peremptory challenges, Williamson one, the railroad company three, and the engineer, Evans, none, without any objection to the railroad company exercising three. Section 581, Code 1930, provides: "In civil suits each party may challenge peremptorily four of the jurors, and as many more for whom he can show cause." What is meant by "each party?" Where the interest of two parties is identical, they are considered as one party under this statute. In this case the interest of the railroad and that of the engineer were precisely the same; if either was liable both were liable, and the liability was both joint and several. 16 R. C. L. 250-252, and cases in the note; 35 C. J. 409, 410. Furthermore, appellants were not prejudiced by the rul-

ing of the court, if it were an erroneous ruling, because they failed to exhaust the peremptory challenges allowed them. Connecticut Mut. Life Ins. Co. v. Hillmon, 188 U. S. 208, 23 S. Ct. 294, 47 L. Ed. 446; 4 C. J. 952; Hubbard v. Rutledge, 57 Miss. 7.

The action of the court in requiring the railroad company to present its evidence before that for the bus driver, Williamson, was offered, was excepted to, and is assigned and argued as error. The court required Williamson to pass on the jury first. We can see no harm done any of the appellants by that course. The order in which a trial shall be conducted, where there are several defendants, is largely in the discretion of the court. Unless there is an abuse of such discretion resulting in harm, no one has a right to complain. Thompson on Trials (2 Ed.), vol. 1, sec. 421.

Appellees were allowed one hour and a half for argument; Williamson, the bus driver, was allowed fifteen minutes; one hour and a half was allowed the railroad company and the engineer, to be divided between them as they might agree upon. That action of the court is assigned and argued as error. In the absence of a statute providing otherwise, the court may exercise reasonable discretion in limiting the time of argument to the jury, and if counsel desires to complain of the shortness of the time allowed, he should consume the time allotted, and if he cannot complete his argument should except to the refusal of the court to allow him additional time. 64 C. J. 246, 247. That course was not pursued in this case. Substantially the same rule is laid down by this court in Dunlap v. Fox (Miss.), 2 So. 169.

Appellants complain of the action of the court in refusing an instruction that it was the duty of the bus driver to get out of the bus and look and listen for the approaching train before entering upon the crossing. Section 6124, Code 1930, prescribes the duties of the driver of a motor vehicle in approaching and crossing

a railroad; it requires him to stop, look, and listen, but not to get out. We decline to add any additional requirement to the statute.

The assignments of error under the first count are not considered, since that count is eliminated. We do not think the other assignments of error growing out of the trial under the second count are of sufficient merit to call for a discussion.

Affirmed.