321 So.2d 488 (1975)
Dalton ALEXANDER
v.
Mack L. KILLEBREW.
No. 48437.
Supreme Court of Mississippi.
November 10, 1975.
*489 Johnson & Walker, Jackson, for appellant.
Barrett, Barrett & Barrett, Lexington, for appellee.
Before INZER, WALKER and BROOM, JJ.
BROOM, Justice, for the Court.
Default judgment of plaintiff, Killebrew (appellee, cross-appellant) on his suit based upon a note and a separate contract was vacated by the Circuit Court of Holmes County at a court term subsequent to the term in which the judgment was entered. Trial was then had on Killebrew's declaration against Alexander (defendant, counter-claimant below; appellant, cross-appellee here), and on Alexander's counterclaim against Killebrew. Alexander appeals and Killebrew cross-appeals. We affirm on direct appeal and reverse on cross-appeal.
The controlling issue is: Did the trial court err in vacating the default judgment at a term of court subsequent to the term during which the judgment was entered?
Killebrew's original declaration in two counts against Alexander was filed on Wednesday, September 26, 1973. Count one was based upon a promissory note allegedly executed by Alexander in favor of Killebrew in the sun of $1856.27; count two was based upon an alleged contract in the amount of $524.59. Process was personally served upon Alexander on September 26, 1973, returnable to the following Monday, October 1, 1973, the first day of the court term. Default judgment in Killebrew's favor in the sum of $2380.86 plus court costs was entered on October 23, 1973, and the term adjourned on October 26, 1973.
On October 31, 1973, Alexander answered the suit and counterclaimed against Killebrew in the amount of $550. Then on November 20, 1973, Alexander (almost a month after the term expired) filed a motion to vacate the default judgment. On the first day of the April 1974 Term, the court sustained Alexander's motion to vacate the original default judgment and during that term a jury tried the cause. A peremptory instruction resulted in a verdict for Killebrew on his count one (the note) for $1941.47, interest included. The jury returned a verdict in favor of Alexander both on his counterclaim and on count two of Killebrew's declaration. This resulted *490 in a judgment for Killebrew in the sum of $1391.47, being the amount of the verdict for Killebrew on count one of his declaration ($1941.47) reduced by the amount of Alexander's counterclaim ($550).
Killebrew's argument that the court erred in vacating the original default judgment entered against Alexander for $2380.86 on October 23, 1973, is well founded.
Regarding finality of judgments, Mississippi Code Annotated section 11-7-171 (1972) provides: "... judgment shall be entered therefor and be final, if not set aside during the term... ." The appearance of a defendant upon whom a circuit court summons is served must be made in that court at the return term if the process "be executed five days before the return-day thereof." Miss. Code Ann. § 13-3-11 (1972).
Here the requirement of section 13-3-11 was met. The requisite five days' service was accomplished according to time computation formula provided by Mississippi Code Annotated section 1-3-67 (1972), which states: "... the day of serving the process ... shall be excluded and the day of appearance included... ." In Strain v. Gayden, 197 Miss. 353, 360, 20 So.2d 697, 698 (1945), we held that process served on Wednesday, October 27, 1943, returnable to Monday, November 1, 1943, the first day of a court term, was "five days" process and that a judgment thereon was not "void or even erroneous."
It follows that the default judgment originally entered on October 23, 1973, was legally entered and became a valid final judgment when the term adjourned three days later. The general rule is that (except in cases involving fraud, or an absolutely void judgment) a motion to vacate a judgment filed after a term of court adjourns is beyond the jurisdiction of the court. Robb v. Ward, 266 So.2d 133 (Miss. 1972). A court loses control of its judgments when the term ends unless there are special circumstances not present in this case. McNeeley v. Blain, 255 So.2d 923 (Miss. 1971); Evers v. Truly, For Use and Benefit of Town of Fayette, Mississippi, 317 So.2d 414 (Miss. 1975), held that when a final judgment is entered and court is adjourned, "the court no longer had jurisdiction of the subject matter of this cause." The court further stated in Evers that: "After the court adjourned any error in the procedure in arriving at the final judgment could only be corrected by an appeal." In Willard v. Hill, 317 So.2d 435 (Miss. 1975), this Court upheld a motion (overruled by the trial court) to set aside a default judgment, but there the motion had been filed during the term in which the default judgment had been entered.
We therefore hold that it was error for the trial court to put appellee Killebrew to trial (the second time) on the note which was subject of the original default judgment  a valid and final judgment from which no appeal was taken. Accordingly, we do not reach the question as to whether or not the trial court erred (after vacating the default judgment) in refusing to allow Alexander to introduce evidence that he did not execute the promissory note.
Killebrew does not question, and in effect by his brief concedes, the validity of the jury verdict against him on Alexander's counterclaim in the sum of $550. His concession amounts to a confession of judgment against him for the $550. Therefore, we reverse on cross-appeal and judgment will be entered here reinstating Killebrew's default judgment for $2,380.86 against Alexander, but Alexander shall be credited with the $550 judgment on his counterclaim which is confessed by Killebrew.
Affirmed on direct appeal; reversed on cross-appeal; default judgment reinstated and reduced by credit.
GILLESPIE, C.J., RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.