SUGG, Justice,
for the Court:
This appeal is from a judgment of the Circuit Court of Madison County affirming an order of the county court upholding the validity of a sheriff’s sale under execution.
The issue is whether the sheriff’s sale is in compliance with the ten day advertisement requirements of Section 13-3-165 Mississippi Code Annotated (1972), when the first notice was posted on November 14, 1975, and the sale occurred on November 24, 1975. Section 13-3-165 provides:
Sales of personalty may be made on any day except Sunday, and shall be advertised ten days before, the day of sale by posting notices of the time, terms, and the place of sale in three public places in the county, one of which shall be at the courthouse.
We affirm and hold that notice of sale was given for the time required by statute when the number of days is computed in accordance with the formula prescribed by Section 1-3-67 Mississippi Code Annotated (1972) which states:
When process shall be required to be served or notice given any number of *42 days, the day of serving the process or of giving the notice shall be excluded and the day of appearance included; and in all other cases when any number of days shall be prescribed, one day shall be excluded and the other included. When the last day falls on Sunday, it shall be excluded; but in other cases Sunday shall be reckoned in the computation of time. (Emphasis supplied).
No cases involving computation of time for a sheriffs sale under execution have been cited and we find none, but hold that the rationale of our cases applying Section 1-3-67 to statutes involving process applies. Section 11-7-121 Mississippi Code Annotated (1972) provides that cases in circuit court shall not be tried before the next succeeding term without the consent of parties, “except in actions in which the defendant has been personally served with process for thirty (30) days before the return day,
In Mississippi Central R. Co. v. Aultman, 173 Miss. 622, 160 So. 737 (1935) the argument was advanced that resort could not be had to Section 1-3-67 (then Section 1397 Mississippi Code of 1930) because Section 11-7-121 (the Section 575 Mississippi Code of 1930) provided that trial could not be had at the return term unless there has been service of process for thirty days before the return day. The Court rejected the argument, applied Section 1-3-67 and held that a case was triable at the return term where summons was served on July 21, 1934, returnable August 20, 1934, the first day of the next term.
We have also applied Section 1-3-67 in construing Section 13-3-11 Mississippi Code Annotated (1972) which requires the appearance of a defendant in circuit court when summons has been executed five days before the return day. In Alexander v. Killebrew, 321 So.2d 488 (Miss.1975) we held:
The appearance of a defendant upon whom a circuit court summons is served must be made in that court at the return term if the process “be executed five days before the return-day thereof.” Miss.Code Ann. § 13-3-11 (1972).
Here the requirement of section 13-3-11 was met. The requisite five days’ service was accomplished according to time computation formula provided by Mississippi Code Annotated section 1-3-67 (1972), which states: “ . . . the day of serving the process shall be excluded and the day of appearance included . . . ” In Strain v. Gayden, 197 Miss. 353, 360, 20 So.2d 697, 698 (1945), we held that process served on Wednesday, October 27, 1943, returnable to Monday, November 1, 1943, the first day of a court term was “five days” process and that a judgment thereon was not “void or even erroneous.”
It follows that the default judgment originally entered on October 23, 1973, was legally entered and became a valid final judgment when the term adjourned three days later. (321 So.2d at 490).
We hold that the rule laid down in Aultman, Alexander and Strain applies in this case. Notice was posted on November 14th and the sale was made on November 24th. When the day of posting notice is excluded and the day of sale is included, the requisite ten days notice of sale was given in accordance with the formula prescribed in Section 1-3-67 as construed in the three cases cited above.
Our conclusion is strengthened by our holding in Donald v. Commercial Bank, 132 Miss. 578, 97 So. 12 (1923). The issue in Donald was the sufficiency of notice of a foreclosure sale. Publication was made on January 12, 19 and 26 for a sale to be held on February 2. The Court’s task was to construe the notice requirements of Section 2722 Mississippi Code of 1906, which provides: “Sale of land shall be advertised for three consecutive weeks preceding such sale in a newspaper published in the county.” Argument was made that the day of publication and the day of sale must both be excluded and that twenty-one days must come between these two days. This contention was rejected by the Court, which stated:
*43 Whether the time to be counted be weeks or days, both under the common-law and under our statutes, the first day is to be excluded and the last included. (132 Miss, at 585, 97 So. at 13).
It is argued that Section 1-3-67 does not apply to statutes prescribing days for notice of sale because of the following statement in Mississippi Central R Co. v. Aultman, supra:
Section 1397, Code 1930, is exclusively a process statute and is universal in its application, unless there is a different specific method of computing time laid down in the particular statute under consideration. That is not true of section 575. (173 Miss, at 640, 160 So. at 739).
In Aultman the Court was considering a process statute and not the statute dealing with notice required by a sheriff’s sale under execution; therefore, the quoted portion of the opinion is obiter dictum.
We did not follow the dictum in Aultman in the cases of Gulf, Mobile & Ohio R R. Co. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956) and Marlboro Shirt Co. v. Whittington, 195 So.2d 920 (Miss.1967). In these cases we applied Section 1-3-67 (then Section 705 Mississippi Code Annotated 1942) in computing the number of days within which an appeal to the Supreme Court must be taken, and in computing the number of days within which a claimant must file notice of appeal from a decision of the attorney-referee of the Workmen’s Compensation Commission.
It is also argued that Section 1-3-1 Mississippi Code Annotated (1972) applies to this case. This section states:
This chapter is applicable to every statute unless its general object, or the context of language construed, or other provisions of law indicate that a different meaning or application was intended from that required by this chapter.
We hold that Section 1-3-1 has no application because the statute prescribing the notice for sales of personalty does not indicate that a different meaning or application was intended from that required by Section 1-3-67. It is clear that Section 1-3-67 applies in all cases where days are to be computed unless a different formula is contained within the particular statute prescribing a number of days.
AFFIRMED.
INZER and SMITH, P. JJ., and ROBERTSON, BROOM, LEE and BOWLING, JJ., concur.
PATTERSON, C. J., and WALKER, J., dissent.