O'KEEFE *et al. v.* McLEMORE.

[87 South. 855, No. 21708.]

1. LANDLORD AND TENANT. *Stipulation for attorney's fee in rent note not enforceable in attachment for rent.*

Where a tenant gives a rent note which contains an agreement to pay an attorney's fee in case the note is not paid at maturity. and it is placed in the hands of an attorney, and where an attachment for rent is sued out, followed by replevin and trial in accordance with statutory proceedings, at attorney's fee cannot be allowed in such suit to the landlord. The statute giving the landlord a lien and providing for proceedings to enforce it does not include an attorney's fee, and the products grown by the tenant are not impressed with a lien for an attorney's fee,

though stipulated for in the rent note, and the allowance of an attorney's fee in such case constitutes reversible error.

2.  EVIDENCE.  *Landlord and tenant.  Parol evidence not admissible to vary deed conveying leased premises without reserving rent.* Where a landlord conveys the leased premises by deed without reserving the rent in the deed, the rent passes to the grantee, and parol evidence is not admissible to show oral understandings and agreements between the parties contrary to the legal effect of the deed.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Action by J. B. O'Keefe and others against G. B. McLemore.  Judgment for defendant, and plaintiffs appeal.  Reversed and remanded.

*R. B. Campbell,* for appellant.

The conveyance of the leased premises to C. R. Smith carried with it the rent for which the attachment, in this case was sued out; and the court erred in overruling the plaintiff's motion to exclude the evidence, and in refusing to direct a verdict for him, as requested in his Instruction No. 1.

The rule is well established that rent is an incident to the reversion, and that an unqualified grant of the reversion by the landlord passed to the grantee all rent to accrue. While the landlord may sever the rent from the reversion, the fact that the rent is evidenced by a note, or notes, will not, of itself, work a severance of the rent from the reversion. 18 Am. & Eng. Encyclopædia of Law (2 Ed.), 280 & 285; 24 Cyclopedia of Law and Procedure, 1172; *Watkins* v. *Duvall,* 69 Miss. 364; *Bowdre Bros. & Co.* v. *Sloan,* 69 Miss. 369.  And according to this last case, the fact that the rent note had been assigned to another made no difference.

When those cases were decided, the right to sue out an attachment was limited to the landlord, his executors

or administrators, and the right was given to his executors or administrators only for rent in arrear, at the time of his death, or for rent to accrue during the year of his death, because, as to rent in arrear, his executors or administrators were his proper repesentatives of all choses in action, and as to rent accruing during the year of his death the statute made the same assets, and payable to his executors or administrators.

By section 2501 of the Annotated Code of 1892, the right to attach for the rent was given to the lessor, his executors, administrators, or assigns; and it was held in *Coker* v. *Britt,* 78 Miss. 583, that said section of that code secured the right to an assignee of the rent note or claim, using the following language:

"Prior to 1890, rent was an incident of the reversion, and the assignee of the rent note could not distrain for its payment, but by chapter 51, Acts of 1890, any assignee or holder of a claim for rent was given the remedy of distress before that time exercisable only by the lessor or the assignee of the reversion, and this remedy is also secured to the assignee of the rent claim by section 2501 Annotated Code."

That section of the code is the same as section 2838 of the Code of 1906, which governs the instant case; and, but for the rule that a statute, which has been construed, and afterwards adopted, is presumed to have been adopted as construed by the court. I would seriously contend that the court in the Coker case erred in holding that said section of the code was, in effect, the same as chapter 51 of the Acts of 1890, in that the word assigns as used in said section, embraced one who was assignee merely of the rent note or claim; but as I am debarred of any such contention by the rule mentioned, I take it to be the law, in consequence of that decision, that an assignee of the rent note or claim may sue.out an attachment therefor, under the statute.

However, I· am not debarred from contending that the court erred in that case if it meant to say that since 1890 rent was no longer an incident of the reversion.

As to that the language of the court was as follows: "Prior to 1890, rent was an incident of the reversion which, standing alone, would imply that after 1890, rent was no longer an incident to the reversion; but, when taken in connection with the language of the court that follows the words quoted, it is apparent that what the court meant was that under the circumstances as existed in that case, rent was an incident to the reversion."

In that case there had been no grant of the reversion, and the question as to the effect of a grant of the reversion did not arise, as the lessor of the rent claim continued to hold the reversion. The decision of the court was, that, under those circumstances an assignee of the rent claim was entitled to the remedy under the statute.

That was all that the court decided; otherwise, if the rent is no longer an incident to the reversion, it would be necessary in granting the reversion to specifically assign the rent, for if not an incident to the reversion, it would not pass with the land unless specially assigned; and, when a person, who had leased his lands and died, his heirs or devisees, as owners of the reversion, would not be entitled to the rent to accrue. Surely, the court, in what is said in the Coker case did not intend to bring about such results.

So, I contend that it is still the law of this state, as decided in *Watkins* v. *Duvall*, and *Bowdre Bros. & Co.* v. *Sloan,· ubi, supra*, that an unqualified grant of the reversion, by a landlord, carries with it all rent to accrue, except where the rent has been previously assigned to another; and that where the rent has been previously assigned to another; and that where the rent claim is assigned, the assignment must be, not as collateral, but absolutely; that, if assigned as collateral for a loan, the landlord retains a general property right therein and the assignee only a qualified right, and that under those cir-

cumstances, the assignee of the rent claim, not having the entire interest, could not maintain an attachment for the rent, as he would not be an assignee within the meaning of the word, assigns, as used in the statute.

Except as against the rights of an assignee of a qualified interest in the rent note, a grant of the reversion by the landlord, would pass all of his interest in such rent to accrue.

If the assignment of the rent note be as collateral security for a loan, and the landlord should then grant the reversion to another, the landlord's general property right in said note, remaining in him, would pass to the grantee of the reversion; and if the landlord redeems such rent note, it would enure to the benefit of the grantee of the reversion.

Whether or not it be true, as I think it is, that in order to entitle an assignee of the rent note to sue out an attachment in this case was not sued out by an assignee of the rent note, within the meaning of the statute, and that brings me to the second point of this brief. (2) The appellee, having granted the reversion, seeks to maintain the attachment, in this case, as assignee of the rent note.

He cannot be assignee of himself; he cannot be both assignor and assignee of the same note. Having assigned the note as collateral security for a loan, and afterwards redeemed it, he stood exactly where he stood before he assigned it, and having granted the reversion, the rent note when redeemed by him enured to the benefit of the grantee of the reversion; but, whether that be true or not, having granted the reversion, and having redeemed the rent note, he lost any right to sue out an attachment, for the following reasons:

The statute gives the right to sue out an attachment, as heretofore stated, to the lessor, his executors, administrators or assigns, and, having granted the reversion, he could no longer sue out an attachment as lessor, or landlord.

His executors or administrators could not sue out an attachment because he is living, and consequently, he has

no executors or administrators; and his assigns, have not sued out the attachment, in this case, as there are none; so that the appellee in sueing out this attachment, did not occupy the position or possess the character, either of lessor, executor, administrator or assigns, and they are the only classes of persons authorized by the statute to sue out an attachment for rent.

An attachment for rent is in the nature of final process, and the law authorizing it must be strictly pursued, and, when the court below so ruled as to permit the appellee to recover in this suit, as his own assigns, the governing statute was stretched far beyond its purpose and meaning; and consequently the court erred in overruling the plaintiff's motion to exclude the evidence, and in refusing to give his Instruction No. 1, directing the jury to return a verdict for him, which motion and instruction constitute the first and second assignment of error, which are applicable to the case as presented in the first paragraph of this brief.

(3)   The third, fourth, and fifth assignments of error involve the rulings of the court below, in permitting the appellee to prove, and recover an attorney's fee of ten per cent. of the amount of the rent note, as provided for in the note; and I submit that the court erred in that regard.

The statute authorizes an attachment for rent, or advances made by the landlord or both; and the stipulation in the note for attorney's fees, if placed in the hands of an attorney for collection, did not provide that the attorney's fees should be a part of the rent; and, being no part of the rent or advances, the same should not have been allowed and, by erroneously permitting the same to be recovered, the judgment was increased to an amount several hundred dollars in excess of what it should have been, even if appellee were entitled to recover at all. *Baxton* v. *Kenedy,* 70 Miss. 865; 24 Cyclopedia of Laws, 1235.

For the reasons given, I respectfully submit that this case should be reversed, and dismissed in this court, without remanding same to the court below.

*Bell & White,* for appellee.

Did the conveyance of the leased premises by McLemore to Smith carry with it all rents and bar McLemore from sueing out the attachment and distress?

We submit that Smith's knowledge that the rents were hypothecated and did not pass with his conveyance, which the testimony of Mr. Roberts established, destroys the first position of appellants and answers the first question negatively, but, even if it did not and the rents passed to Mr. Smith, they certainly, on his transfer to Messrs Moore and Nichols, became the property of Mr. McLemore, because they were expressly reserved to him in the contract of sale and the sale to Moore and Nichols. We, therefore, see nothing in the learned argument as to rents passing with the land or being severed from it because at the time of the levy, the land was owned by Messrs. Moore and Nichols, who had expressly given up the rent to Mr. McLemore and had received the full value thereof, it being credited on their purchase price. We submit, however, that the first two points have been decided by this court, in *Coker* v. *Britt,* 78 Miss. 583, when the court used the following language:

"Prior to 1890, rent was an incident of the reversion and the assignee of the rent note could not distrain for its payment, but by chapter 51, Acts of 1890, any assignee or holder of a claim for rent was given the remedy of distress before that time, exercisable only by the lessor or the assignee of the reversion, and that remedy is also secured to the assignee of the rent claim by section 2501, Annotated Code."

We submit that the court meant what is said and that in Mississippi rent is no longer an incident of the reversion. But even if it be an incident of the reversion, we further submit that if it passed to Smith under the deed from McLemore, it would necessarily have passed to Moore and Nichols under the deed from Smith and these gentle-

men, by expressly granting it to McLemore, vested it in him.

As to the position that Smith would have retained a general property right in the note, we submit there is nothing in that because the note was transferred to Grafton for its face value, which fact was known to Smith, and acquiesced in by him, was granted to McLemore for face value when he redeemed it from Grafton, after its resignation by Moore and Nichols.

If the rents did not pass with the deed, could McLemore as assignee, attach on said note, of which he was holder? As to the right of McLemore to levy the attachment as assignee and holder for value, we submit that this point also was settled by the court in *Coker* v. *Britt,* when it stated that "any assignee or holder of a claim for rent was given the remedy of distress." The rule that a construed statute, when adopted is adopted as construed, carries the matter beyond question.

We submit in addition to this, however, that Mr. McLemore was assignee and holder for value of rent note and not the landlord at the time of the levy. He had assigned the note to one Grafton and the note was thereafter retransferred to him. At the time of the re-transfer the title to the land had passed from him and the then owners and holders of the title, who, under the appellants' contention, would be entitled to the rent, had expressly granted the rent to him and had received credit therefor on their purchase price.

We cannot see in what capacity Mr. McLemore could be viewed except as an assignee and holder for value and refer the court to the following authorities: As defined by Jac. Law Dict., "an assignee of a thing is one who is the owner of it, who has the whole estate of the assignor, and possession of the thing in his own right." *Allen* v. *Pancoast,* 20 N. J. Law (Spencer) 68, 74. An assignee is one to whom some right in property is transferred. *Ely* v. *State Land Office Com'rs,* 13 N. W.784, 785, 49 Mich. 17.

The word assignee, or assignment has no certain fixed or technical meaning, as the word indorsed has when used in reference to promissory notes or bills of exchange. An assignment may be by deed, by writing, by mere parol and delivery, or by the application of equitable principles to a certain state of facts. *Allen* v. *Pancoast,* 20 N. J. Law (Spencer) 68, 72.

The term assigns, is as comprehensive as that of purchaser, or one taking by purchase. It means those to whom rights have been transferred by particular title, such as sale, gift, legacy, transfer, or cession. *Watson* v. *Donnelly* (N. Y.), 28 Barb. 653, 658 (Citing Booth's Case, 5 Co. Rep. 77b.)

Are attorney's fees recoverable? On the question of attorney's fees, the case appears to us equally simple. The provision for attorney's fees was a part of the note. It was not extraneous matter, which could not be collected by distress but is an integral part of the rent contract, and a part of the rent under a certain contingency, specifically provided for, which contingency arose.

We find very few cases exactly in point but refer the court to *Johnson* v. *Durner,* 7 So. 245, where the court held that attorney's fees in a vendor's lien can be recovered.

This was an Alabama decision and the court, following the idea expressed therein, went further in *Richards* v. *Nestor,* 8 So. 30, in which it held that a stipulation in a lease that a tenant should be taxed with attorney's fees in case of a violation of the lease entitles the landlord to recover attorney's fees in an action to enforce his lien.

In *Fox* v. *McKee,* 31 La. Ann. 67, the court held that five per cent. fees could be recovered in a distress on the rent that had accrued. In 24 Cyc., page 1230, we find the following: "If the lease provided for an attorney's fee in case suit is necessary to recover rent, the fee is properly allowed as part of the recovery." We claim that no extraneous claim has been attached to the rent claim, but submit that under these authorities and the rule of reason,

the attorney's fee is an integral part of the rental obligation and properly allowed.

ETHRIDGE, J., delivered the opinion of the court.

In November, 1919, G. B. McLemore, the appellee, sued out an attachment as landlord for rent in arrears and levied on a lot of cotton in Washington county, Miss. J. B. O'Keefe, one of the appellants, replevined the cotton, and at the December, 1919, term of the circuit court filed his declaration in replevin against McLemore for the said cotton, to which declaration McLemore filed an avowry justifying the seizure of the cotton as landlord by virtue of a certain lease beginning the 3d day of March, 1919, and ending the 31st day of December, 1919. In this attachment, upon which this suit is based, it is stated to have been for a term commencing on the 1st day of Nevember, 1919, and ending on the 1st day of January, 1920. To the said avowry the plaintiff O'Keefe filed a replication denying any indebtedness to McLemore and gave notice of the filing of special matter under the general issue; first, that as part of the said lease the defendant agreed to erect on the leased premises, as soon after the date of the said lease as possible, a suitable barn for housing the tenant's stock and for storing his feedstuff, which agreement the defendant had breached, and in consequence thereof the plaintiff had sustained specific damages; second, that some of the cotton specifically designated, levied on, was not grown on the leased premises, and had never been thereon, and was not subject to attachment; third, that after making the said lease McLemore conveyed by deed the leased premises to one C. R. Smith, before any rent became due, without reserving or excepting the said rent therefrom, in consequence of which said rent is alleged to have passed to said C. R. Smith, and said McLemore ceased to be the landlord and was no longer entitled to an attachment for rent. After this notice was filed, the defendant, McLemore, by leave of the court

amended his affidavit, the writ of attachment, the avowry, etc., by inserting after the name J. B. McLemore where-ever the same occurred the words "assignee and holder for value at the making of the levy," so as to show the pro-ceedings were prosecuted as assignee of the rent note and not as landlord.

On the trial it appeared that McLemore, by deed dated March 4, 1919, conveyed the premises involved in the suit to one C. R. Smith by deed absolute in form without res-ervation of the rent, which deed was recorded April 10, 1919. At the time this deed was executed McLemore had placed the note for the rent involved as collateral for a loan with one Grafton, and there was a verbal understand-ing between Smith and McLemore that the rent note did not pass with the conveyance, and it was also in testimony that this deed from McLemore to Smith was made for the purpose of procuring a loan for the benefit of McLemore. Subsequent to the execution of the deed McLemore paid the debt to Grafton, and the note was redelivered to Mc-Lemore without indorsement or writing from Grafton, and subsequent to this McLemore entered into a contract with Moore and Nichols to sell them the premises in ques-tion, in which contract the rent was reserved to McLemore, and credit for the amount of the rent was deducted from the purchase price of the premises, and on August 16, 1919, C. R. Smith conveyed the premises to Moore and Nichols; the rent notes sued on containing, among other things, a provision for the payment of an attorney's fee if not paid at maturity. The rent contract and notes were signed by one Stewart and were assumed afterwards by O'Keefe under a contract taking over an assignment of lease and O'Keefe assuming to pay the note.

When the defendant offered his proof and closed his case, the plaintiff, who is the appellant here, moved to strike out the evidence, and also for a peremptory in-struction on the theory that the defendant was not the owner of the rent note and was not the landlord, which motion was overruled. Appellant requested instruction

that an attorney's fee could not be allowed in this pro-
ceeding, which was refused, and the defendant was given
an instruction informing the jury that he was entitled to
recover the amount of the note, interest, and attorney's
fee, amounting to a given sum, less any amount that the
plaintiff might be damaged by failure to erect the dwell-
ing house and barn upon the leased premises, in accord-
ance with the stipulations of the rent contract.   The plain-
tiff objected to the introduction of the evidence as to the
understanding between McLemore and Smith as to the rent
note, because there was no reservation in the deed.   There
was a judgment for the defendant, McLemore, for the
amount of the note, interest, and attorney's fee, without
deduction for damages from the failure to erect the resi-
dence and barn referred to in the contract, and a judg-
ment was rendered for this amount, from which judgment
this appeal is prosecuted.

We will first deal with the proposition of the attorney's
fee allowed the defendant on this note.   The statute gives
the landlord a lien to secure the payment of the rent and
for money advanced to the tenant, and the fair market
value of all advances made by him to his tenant for sup-
plies for the tenant and others with whom he may con-
tract and for his business carried on on the leased prem-
ises, and for live stock furnished during the year for which
they were furnished, and for farming tools, implements
and vehicles furnished by him to his tenant.   By statute
and the decisions of this court this lien is superior to all
others, and is good even against a *bona-fide* purchaser for
value, without notice.   The proceeding here was begun by
suing out a distress, which is a statutory method of col-
lecting rent and supplies, and we think the landlord's lien
does not embrace money expended for an attorney's fee in
enforcing his rights.   He has a contract with the tenant
which is good as a personal demand against the tenant,
but it is not secured by a lien against the agricultural
products and ought not to be allowed in a proceeding of
this kind.   We will not extend the statute so as to cover

demands not embraced in the terms of. the statute, and the instruction for the appellant on this feature of the case should have been given, and the instruction given the defendant authorizing the allowance of an attorney's fee in this proceeding ought not to have been given, and constitutes reversible error.

In the next place it is insisted that there is no right to the distress because McLemore was neither the landlord nor the assignee of the landlord; that he cannot be both the assignor and the assignee of the same instrument. The deed from Smith to Moore and Nichols, while referred to in the briefs, is not in the record, nor are its terms set forth in the agreement as to facts. Smith is not a party to this suit, and no right which he may have could be adjudged in this suit. It is recited in the agreed statement of facts that the deed from Smith conveyed the land to Moore and Nichols, and that the deed is recorded in a named book and page of the land records of Washington County, Miss., which deed was read in evidence to the jury by the defendant, the appellee. But it is not stated in the agreement, nor does it appear in the record from any copy of the deed, that the rent notes, or rent, was reserved to McLemore in that deed. We think it was error to receive in evidence in a law court the understanding between McLemore and Smith, and that it was not admissible to show the verbal understanding reserving the rent. The rent note, it is true, at that time was held by Grafton as collateral security for a loan to McLemore, and his title, the assignment for this purpose being known to Smith, would protect him from Smith's claim to the rent should Smith assert any such claim; but when McLemore paid Grafton the debt which was secured by the assigned note Grafton's right to the note ceased to exist, and Smith's right under the deed became effective, and the fact that McLemore had the note in his manual possession would not give him title to the rent nor a right of action for its enforcement. It may be that the stipulation, if there was a stipulation, in the Smith deed to Moore and Nichols

may have had the effect to vest in McLemore the right of the rent note as an assignee, and, if so, of course the right to enforce the note by remedies created by statute would exist. This may be determined on a new trial. We do not enter upon a consideration now of any equitable features or rights that may exist in McLemore. It may be that he has such rights as could only be invoked in the chancery court, and it may be that the case ought to be transferred to the chancery court, but in the absence of Smith being a party to the record we do not feel authorized to remand it to the chancery court instead of the circuit court.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*