MELCHOR *v.* CASEY.

(Division A.   May 27, 1935.)

[161 So. 692.   No. 31724.]

Partee L. Denton, of Marks, for appellant.

Sylvanus W. Polk, of Memphis, Tennessee, for appellant.

**P. H. Lowry**, of Marks, for appellee.

72

Argued orally by **Sylvanus W. Polk,** for appellant.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Quitman county affirming a judgment of the county court. The declaration filed in the county court was in three counts. The first count sought to recover from the appellant the value of five bales of cotton, alleged to be due as rent for the year 1933, under a lease contract covering sixty-three acres of land; the second count sought a recovery of one hundred fifteen dollars for an alleged shortage in the weight and grade of cotton delivered under the said contract as rent for the year 1932; while the third count demanded judgment for eighteen dollars for attorney's fees paid by the appellee for appellant for the preparation of the said lease contract and a mortgage for advances. On the first count the court awarded the appellee a judgment against appellant for two hundred forty-one dollars and twenty-five cents, being the value of two thousand five hundred pounds of middling lint cotton at nine and sixty-one hundredths cents per pound. On the second count the court found

for the appellant, while on the third count appellee was awarded a judgment for one-half of the amount of attorney's fee paid for writing the lease contract, being the sum of seven dollars and fifty cents, and the sum of five dollars attorney's fee for writing the deed of trust, and the sum of one dollar for recording the deed of trust, amounting to thirteen dollars and fifty cents.

The record discloses that in the year 1925 the lands for the rent of which this suit was instituted belonged to Lester Miller, and on May 1st of that year the said Miller and his wife executed a deed of trust to the Southwest Trust Company, as trustee, to secure an indebtedness of one thousand five hundred dollars due to the Southwest Mortgage Company, conveying to the said trustee sixty acres of said land, and on the same day they executed a second deed of trust on the same land to the same parties to secure an indebtedness of one hundred fifty dollars. On March 6, 1932, the Southwest Mortgage Company assigned the first deed of trust and the indebtedness secured thereby to the Portsmouth Trust & Guarantee Company, and the assignment was properly recorded, and reference thereto was noted on the record of the deed of trust. On April 26, 1926, the said Lester Miller conveyed the property covered by these deeds of trust to his wife, Willie C. Miller, for a recited consideration of ten dollars, and on September 29, 1928, the said Willie C. Miller conveyed the property to her mother, the appellee herein, for a recited consideration of two hundred dollars. In the first of these conveyances the prior deeds of trust were not referred to, but in the conveyance to the appellee the first deed of trust was excepted from the warranty of the instrument, but the grantee therein did not assume the payment of the indebtedness secured by the deeds of trust.

On the 6th day of May, 1929, the Southwest Trust Company, the trustee in the second deed of trust, refused in writing to act as trustee therein, and on the same day the

Southwest Mortgage Company, beneficiary therein, duly appointed a substituted trustee, but it does not appear that any foreclosure of this second deed of trust was ever made or attempted, and the substitution of the trustee in this deed of trust is material only in considering an argument of appellee as to its probative value in determining the validity of the subsequent substitution of a trustee in the first deed of trust.

On December 18, 1930, the rent contract on which this suit is based was executed by and between Mrs. Mollie E. Casey, appellee herein, and John Melchor, appellant, and on the 26th day of September, 1932, the Portsmouth Trust & Guarantee Company, the assignee of the deed of trust first above referred to, executed an instrument appointing J. C. Kincannon as substituted trustee therein, which contained the following recital:

"Whereas the designated trustee, Southwest Trust Company, has been dissolved and is not in existence, and said deed of trust provides that the legal holder of the indebtedness secured by said deed of trust may appoint a substitute trustee in case of the dissolution, resignation, inability, or refusal to act of said trustee, and a default has occurred in payment of a part of the indebtedness so secured, and same still remains unpaid.

"Now therefore, the Portsmouth Trust and Guarantee Company, of Portsmouth, New Hampshire, legal holder of said indebtedness, does hereby name, designate, constitute and appoint J. C. Kincannon as substitute trustee under said deed of trust, with all the rights, title, powers and duties thereby conferred on the said Southwest Trust Company, trustee, and by reason of the aforesaid default, does hereby request said substituted trustee to sell the real estate described in said deed of trust, in accordance with the provisions of said trust."

This substitution of a trustee was duly filed and recorded in the land records in the office of the chancery clerk of Quitman county, and on the 18th day of Novem-

ber, 1932, the substituted trustee executed a trustee's deed conveying to the Portsmouth Trust & Guarantee Company the land covered by the deed of trust, and this trustee's deed appears to be in all respects regular. Thereafter the appellant attorned to the said Portsmouth Trust & Guarantee Company, and upon demand paid the rent to it prior to the institution of this suit.

Upon the issues arising under the first count of the declaration, the decisive questions presented for consideration are: First, was the substitution of the trustee a valid exercise of the power granted under the terms of the deed of trust; and, second, was it necessary for the validity of the sale that the appellee, Mrs. Casey, should be mentioned in the advertisement of sale as the owner of the land?

As bearing upon the first-stated question, the deed of trust authorized and empowered the owner and holder of the indebtedness secured thereby to appoint, in writing, a substituted trustee in case of the dissolution, resignation, inability, or refusal of the original trustee, the Southwest Trust Company, to act as such trustee. The instrument appointing the substituted trustee recited that the designated trustee, Southwest Trust Company, had been dissolved and was not then in existence; that the deed of trust provided that the legal holder of the indebtedness secured thereby might appoint a substituted trustee in case of the dissolution, resignation, inability, or refusal of the original trustee to act as such trustee, and that default had occurred in the payment of the indebtedness. The trustee's deed conveying the land in question to the Portsmouth Trust & Guarantee Company, which is full, complete, and regular on its face, also recites that the deed of trust provided for the appointment of a substituted trustee in the event of the dissolution, resignation, inability, or refusal of the trustee to act, and that, on account of the dissolution of the Southwest Trust Company, the original trustee, J. C. Kincannon

was appointed substituted trustee to act in its place and stead.

It has been repeatedly held by this court that, where a deed has been executed by a trustee purporting to convey as trustee lands, the presumption of law is that the recitals of the deed are true, that all the essential conditions were complied with in making the sale, and that the trustee did those acts in pais which were conditions precedent to a valid exercise of the power of sale. Jones v. Frank, 123 Miss. 280, 85 So. 310; McCaughn v. Young, 85 Miss. 277, 37 So. 839; Enochs v. Miller, 60 Miss. 19; Graham v. Fitts, 53 Miss. 307. In the case at bar the deed of trust contained a provision that it was specially agreed by the parties thereto that any deed or deeds that should be made by any trustee acting thereunder should be prima facie evidence of the truth of all the recitals therein contained as to the maturity and nonpayment of the debt secured, the request to the trustee to sell, the advertisement of such sale and proceedings thereat, and, in case such acting trustee was a substitute, the fact of his appointment and the facts authorizing the appointment of a substitute to act, and further that all courts of law and equity should accept such deed or deeds as prima facie evidence that all prerequisites to the validity of such sale were made and done. This provision of the deed of trust is not in conflict with, but in fact is a mere restatement of, the law, and, upon the introduction of the trustee's deed containing recitals of the existence of facts authorizing the exercise of the power of appointment, and the consequent existence of power in the substituted trustee, the burden was on the appellee, who was seeking to avoid the sale on the ground of nonexistence of facts authorizing the exercise of the power of appointment, to prove such lack of power. The appellee seems to contend, however, that proof of the appointment on the 6th day of May, 1929, of another trustee in a companion deed of trust involving the same bene-

ficiary, land, and trustee, which showed that the trustee corporation was then in existence, was sufficient to meet the burden. Proof of the corporate existence of the trustee in May, 1929, was no evidence that it had not been dissolved on or before the appointment of the substituted trustee in the first deed of trust on the 26th day of September, 1932. Upon this record we think the substitution of the trustee in the deed of trust must be held to have been valid.

It is next contended that the trustee's deed is void, for the reason that the notice and advertisement of sale did not disclose the name of the appellee as the owner of the land at the time of the sale, and in support of this contention the appellee relies largely upon the case of Wilkinson v. Federal Land Bank, 168 Miss. 646, 150 So. 218, 151 So. 761. In that case the court had under consideration section 2167, Code of 1930, which requires that the notice and advertisement of sale under mortgages and deeds of trust "shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale." It was there held that the word "mortgagor," as used in this statute, includes a remote grantee who assumed the mortgage deed with the mortgagee's consent. In the case at bar the grantee who owned the land at the time of the sale did not assume the mortgage debt, but in the deed to her the mortgage debt was expressly excepted from the warranty of the instrument, and it is argued that thereby she became directly interested in the payment of the debt which was an encumbrance on her land, and that consequently she was in legal effect the mortgagor. It is conceded by counsel that the specific point here involved was not decided in the Wilkinson case, supra; the only point decided in that case being that a grantee of the mortgagor who has assumed the mortgage debt must be named in the notice as a mortgagor. But it is argued that the ultimate conclusion from the language of the court in that case must be that the owner

of the land at the time of the sale must be classed as a mortgagor within the meaning of the statute requiring the notice and advertisement of sale to disclose the name of the mortgagor or mortgagors.

In Castleman v. Canal Bank & Trust Co. (Miss.), 156 So. 648, the holding of the Wilkinson case, supra, was summarized as being solely that notice of sale, under the statute then in existence, must be given to the original mortgagor, and also to the person who owned the property at the time of the sale and who had assumed the mortgage debt, and in the Castleman case it was held that the heirs of a deceased mortgagor, who had not assumed the debt or any part thereof, were not mortgagors within the meaning of this statute, and that the failure to mention such heirs in the notice of sale under the deed of trust given by the trustee did not invalidate such sale.

In their relation to the property and any prior mortgage thereon, in so far as this relation is affected by the statute in question, we can see no difference between one who acquires property by purchase without assuming a mortgage debt thereon and the heirs of a deceased mortgagor who acquire the mortgaged property by the laws of descent without assuming the mortgage debt. The suggestion that the fact that appellee herein purchased without warrant to protect her against the deed of trust gave her such an interest in the payment of the mortgage debt as to, in effect, place her in position of a purchaser who had assumed the debt, would have applied with equal force in the Castleman case, since heirs acquire property by inheritance without any warranty against prior encumbrances. We conclude, therefore, that the trustee's deed is not void on account of the failure to name the appellee in the notice and advertisement of sale, and that this deed conveyed a good title to the property described therein.

It is well settled that, while the tenant cannot dispute the title which his landlord had at the time the lease was

made, he may show that the landlord's title has passed to another by operation of law, or that he has transferred the title without reserving the rent, or that the title has been sold according to law, and, when the title has vested in another, the tenant is justified in attorning to the new owner of the premises. After the title to sixty acres of the land leased by the appellant herein passed to the Portsmouth Trust & Guarantee Company, on demand by it, the appellant recognized its title and paid the rent to it, and the appellee cannot recover the rent for this sixty acres which accrued after she lost her title thereto. Wolf v. Johnson, 30 Miss. 513; Bloodworth v. Stevens, Adm'r, 51 Miss. 475; Rhyne v. Guevara, 67 Miss. 139, 6 So. 736; O'Keefe v. McLemore, 125 Miss. 394, 87 So. 655.

The Portsmouth Trust & Guarantee Company acquired the title to only sixty of the sixty-three acres leased by the appellant from appellee, and it is contended that the appellee is, in any event, entitled to recover the reasonable rental value of the three acres which still belong to her. In response to this contention, the appellant says that there is not sufficient evidence in the record to enable the court to fix a reasonable rental value of the three acres. The appellee's proof shows that he offered to pay five dollars per acre as rent for these three acres, and if the total value of the cotton which was required to be delivered under the original lease contract, as fixed by the court below, be apportioned on an acreage basis, the rental value of the three acres would be substantially the same amount. The difference, if any, is too small to justify a remand and the expense of a new trial to determine the reasonable rental value of the three acres. Consequently, judgment will be entered here allowing the appellee fifteen dollars as rent for the three acres.

Upon the third count of the declaration, the court allowed a recovery of thirteen dollars and fifty cents, attorney's fees, alleged to have been paid by appellee for appellant. Upon the question as to whether or not the

appellant agreed to pay these attorney's fees the evidence is in conflict, but the court below determined this conflict in favor of the appellee, and allowed a recovery of one-half of the fee paid for preparing the lease contract, and all the fee paid for preparing a deed of trust between the parties. There was no basis whatever in the evidence for a division of this fee between the parties. If the appellee was entitled to recover attorney's fees, as found by the the court below, she was entitled to recover the amount sued for; but the appellant cannot here complain of the error of the court in that respect, or in allowing a recording fee of one dollar, for the reason that the error in fixing the amount due was in his favor. The judgment of the court below will therefore be reversed, and a judgment will be entered here for the appellee for fifteen dollars as rent, and thirteen dollars and fifty cents as attorney's fees.

Reversed, and modified judgment entered here.