65 So.3d 311 (2011)
Perry OSBORNE, Appellant
v.
G. Rives NEBLETT, Real Estate Investor/Developer and Glenn H. Williams, Attorney and Trustee for G. Rives Neblett, Appellees.
No. 2009-CP-01312-COA.
Court of Appeals of Mississippi.
June 7, 2011.
Perry Osborne, appellant, pro se.
Glenn H. Williams, attorney for appellees.
EN BANC.
IRVING, P.J., for the Court:
¶ 1. G. Rives Neblett foreclosed a deed of trust that had been granted to him by Perry Osborne. On the day of the foreclosure sale, Osborne unsuccessfully sought injunctive relief in the Chancery Court of Bolivar County. He later sought, via a Rule 60(b) motion, reconsideration of the court's denial of injunctive relief. This effort was likewise unsuccessful. Feeling aggrieved, Osborne appeals and raises several assignments of error; however, only the issue of whether the chancery court erred in ratifying a foreclosure sale warrants discussion, since it is dispositive of this case.
¶ 2. Because the chancery court ratified a foreclosure sale that did not comply with the publication requirements of Mississippi Code Annotated section 89-1-55 (Rev. 1999) for lands sold under mortgages and deeds of trust, we reverse and render the judgment of the chancery court.

*312 FACTS
¶ 3. On June 30, 2000, Osborne executed a promissory note in favor of Neblett in the amount of $18,000 to purchase land in Alligator, Mississippi. In order to secure payment of the note, Osborne executed a deed of trust on the land in favor of Neblett. The note was to be repaid in thirty-six monthly payments of $300 and one balloon payment of $11,566.22, which was due on September 1, 2003.
¶ 4. Osborne defaulted on the note when he failed to make the final balloon payment in 2003. Neblett began foreclosure preparation by posting a notice of trustee sale at the Bolivar County Courthouse; he also delivered a notice of trustee's sale to the Bolivar Commercial for publication. The notice was published in the November 18, 25, and December 2, 2008, issues of the paper, and the trustee's sale was held on December 4, 2008, at 1:00 p.m. On the same day of the sale, Osborne filed a complaint in the Bolivar County Chancery Court seeking to enjoin Neblett from foreclosing on the property.
¶ 5. On February 5, the chancery court held a hearing on Osborne's complaint. Following the conclusion of the hearing, the chancery court ratified the foreclosure sale and ordered Osborne to vacate the property within sixty days. Osborne did not appeal this decision. On March 16, 2009, Osborne filed a motion for reconsideration and requested relief under Rule 60(b) of the Mississippi Rules of Civil Procedure. In his motion, Osborne raised, for the first time, the issue of deficient publication of the foreclosure sale. The chancery court denied Osborne's motion for reconsideration, finding that he had waived the issue of deficient publication by failing to raise it in his complaint or at the hearing on his complaint.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. A Mississippi appellate court employs a limited standard of review on appeals from chancery court. Corp. Mgmt. v. Greene County, 23 So.3d 454, 459 (¶ 11) (Miss.2009). As such, we "will not disturb the factual findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, [or his findings were] clearly erroneous[,] or [he] applied an erroneous legal standard." Id. (quoting Biglane v. Under The Hill Corp., 949 So.2d 9, 13-14 (¶ 17) (Miss.2007)). However, questions of law are reviewed de novo. Id.
¶ 8. Osborne argues that the chancery court erred when it validated the foreclosure sale, which did not comply with the publication requirements found in section 89-1-55. This section provides in pertinent part:
All lands sold at public outcry under deeds of trust or other contracts . . . shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract. No sale of lands under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will *313 not be cured by any statute of limitations, except as to the ten-year statute of adverse possession.
(Emphasis added). Section 89-1-55 clearly requires three weeks between the first publication and the foreclosure sale. Furthermore, failure to comply with the statute's publication requirements renders a foreclosure sale void. In this case, Neblett sold Osborne's land on December 4, 2008, when only sixteen days had passed since the first publication. The sale could not have been legally held until December 9, 2008, twenty-one days after the initial publication.[1] Because the sale did not comply with the publication requirements of section 89-1-55, the sale is void.
¶ 9. Neblett contends that Osborne waived the notice issue when he failed to raise it in his initial complaint or at the February 5, 2009, hearing. However, as the statute clearly states, foreclosure sales that do not comply with section 89-1-55 are void, and Osborne's failure to raise the issue is irrelevant because the sale is a nullity and unenforceable under the law. Furthermore, our supreme court has held that the publication requirements of section 89-1-55 may not be waived by the parties. Lee v. Magnolia Bank, 209 Miss. 804, 813, 48 So.2d 515, 517 (1950). As such, the chancery court erred in ratifying the foreclosure sale, and we reverse and render the court's judgment. Nothing in this opinion shall be interpreted as preventing Neblett from initiating another foreclosure sale, assuming the underlying debt is still owed and a payment or payments due under the promissory note are in default.
¶ 10. THE JUDGMENT OF THE BOLIVAR COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE, C.J., BARNES, ISHEE AND MAXWELL, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, ROBERTS AND CARLTON, JJ. RUSSELL, J., NOT PARTICIPATING.
GRIFFIS, P.J., dissenting:
¶ 11. In my opinion, the majority has confused the possibility of a void foreclosure with a void judgment.
¶ 12. We should consider whether the chancellor erred in the denial of relief to Perry Osborne under Mississippi Rule of Civil Procedure 60(b). I find that the alleged error was waived by Osborne because he failed to raise such claim before the chancellor. Therefore, Osborne is precluded from raising the issue for the first time in a post-trial motion.
¶ 13. The majority reviews the chancellor's decision to ratify the foreclosure sale and finds that the notice was not sufficient under the statute; therefore, it was a void foreclosure. Since the foreclosure was void, the majority determines that it was error for the chancellor to ratify the foreclosure sale in the underlying judgment. The majority does not examine this appeal under Rule 60(b). Because I respectfully disagree with the majority's legal analysis *314 and holding, I dissent. I would affirm the chancellor's July 9, 2009 judgment.
¶ 14. "Appellate review of Rule 60(b) motions is limited." Jenkins v. Jenkins, 757 So.2d 339, 342 (¶ 5) (Miss.Ct.App.2000) (citing Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss.1984)). "We will not reverse a trial court's decision to deny relief under Rule 60(b) unless the trial court abused its sound discretion. Considerations (sic) of a Rule 60(b) motion requires a balancing between granting a litigant a hearing on the merits with the need to achieving finality in litigation." Id. (citing Stringfellow, 451 So.2d at 220; Briney v. U.S. Fidelity & Guar. Co., 714 So.2d 962, 966 (¶ 13) (Miss.1998)). "Additionally, the allegations and indicated evidence should be such as would convince a court that what is sought is not simply an opportunity to litigate that which is already settled." Id. (citing Askew v. Askew, 699 So.2d 515, 520 (¶ 22) (Miss.1997)).
¶ 15. On February 12, 2009, the chancellor executed a judgment based on the evidence presented at the trial of this action. This appeal is not an appeal of the February 12th judgment. However, the majority appears to review the February 12th judgment. The judgment on appeal is the chancellor's order of July 9, 2009, which denied Osborne's "Motion for Reconsideration, for Stay of Order and Other Relief (the "Motion")."
¶ 16. On December 4, 2008, Osborne filed his complaint for injunctive relief. Osborne's complaint asked for a permanent injunction that would enjoin the defendants from "granting parties a right of foreclosure until the merits and all issues of this case are resolved." The complaint also asked: for the defendants to "show good cause that the defendant . . . was justified in initiating the foreclosure proceeding," for a determination of whether the defendant was "justified in initiating foreclosure proceedings based on the premise that an outstanding debt was owed," for "an order for declaratory relief against the defendant," for an "order requiring defendants . . . to show cause why defendant should be granted right to foreclose," and for "a declaration of the rights and duties of the parties." Osborne's lawsuit asserted claims regarding whether the defendants could properly foreclose on the subject property. The complaint was filed pro se.[2]
¶ 17. On December 23, 2008, the defendants, G. Rives Neblett and Glenn H. Williams, answered the complaint. The answer included a denial to each paragraph. The defendants also asserted a counterclaim:

1.
That on December 4, 2008, the undersigned Glenn H. Williams, as Trustee, undertook to foreclose and did foreclose that certain Deed of Trust from Perry Osborne to Glenn H. Williams, as Trustee, for G. Rives Neblett, filed for record in Book N-422 at Page 291 in the office of the Chancery Clerk of Bolivar County, at Cleveland, Mississippi. Said Deed of Trust was foreclosed following the posting and publication of notice as required by law and personal notice given *315 to the Debtor and Plaintiff in this action, Perry Osborne. G. Rives Neblett was the highest and best bidder at the foreclosure sale, and he did then and there on December 4, 2008, at 1:00 p.m. bid in the sum of $17,548.03. A Trustee's Deed was subsequently prepared and executed by the undersigned Trustee, transferring title to G. Rives Neblett. A copy of said duly recorded Trustee's Deed is attached hereto as Exhibit "A", along with a copy of the affidavit of Publication, which is attached to the Deed. Therefore, title to the subject real property is now vested in G. Rives Neblett, pursuant to foreclosure of the Deed of Trust and the execution and filing of the attached Trustee's Deed.
2.
That G. Rives Neblett has legal right to claim possession of the property described in the Substitute Trustee's Deed, and the Plaintiff/Counter-Defendant, Perry Osborne, refuses to vacate the premise and wrongly deprives G. Rives Neblett possession of said property. Therefore, this Court should enter an Order requiring the Plaintiff/Counter-Defendant, Perry Osborne, to vacate the premises and awarding exclusive possession of the property to G. Rives Neblett.
WHEREFORE, PREMISES CONSIDERED, the Defendant/Counter-Plaintiffs pray that the Plaintiff's complaint be dismissed; and that the Court enter judgment in favor of the Defendant/Counter-Plaintiffs, directing the Plaintiff/Counter-Defendant, Perry Osborne, to vacate the subject property and awarding exclusive possession of the property to the Defendant/Counter-Plaintiff, G. Rives Neblett. Defendants/Counter-Plaintiffs pray that all costs and attorney's fees be assessed to the Plaintiff/Counter-Defendant, Perry Osborne.
And Defendants/Counter-Plaintiffs pray for such other further and general relief as may be necessary and appropriate in the premises.
¶ 18. This responsive pleading and counterclaim asserted that not only can the defendants foreclose on the property but that they did properly foreclose on the subject property. The defendants clearly and expressly asked the chancellor to adjudicate the foreclosure, to award exclusive possession of the property, and to order Osborne to vacate the property. This pleading was properly served on Osborne. M.R.C.P. 5(b)(1).
¶ 19. Based on the pleadings, the issue of the validity of the foreclosure sale was placed in issue before the chancellor. The chancellor held a hearing on this case on February 5, 2009. There is no transcript that shows the testimony or documents admitted into evidence, the claims asserted by the parties, or the argument of counsel. It appears that there was no stenographic record made of the hearing.[3]
*316 ¶ 20. By order dated February 12, 2009, the chancellor ruled:
THE ABOVE styled and number cause came on before the Court on February 5, 2009, on the Complaint for Injunctive Relief filed herein by the Plaintiff, Perry Osborne, and the Answer and Counter-Claim to said complaint filed herein by the Defendant, G. Rives Neblett; and the Court having received evidence and testimony from the parties and being otherwise advised in the premises, does hereby find and order as follows:
1. That this Court has jurisdiction over the subject matter and the parties.
2. That on June 30, 2000, Perry Osborne executed and delivered a Promissory Note and Deed of Trust to G. Rives Neblett in the original principal sum of $18,000.00; said Deed of Trust was duly filed of record in the office of the Chancery Clerk of Bolivar County, at Cleveland, Mississippi, on August 22, 2000, as evidenced by the recorded copy of same attached hereto as Exhibit "A". Said Deed of Trust matured according to its terms on or about August 1, 2003, and it has never been satisfied and cancelled of record.
3. That upon maturity of the Deed of Trust in August, 2003, a balloon payment became due in the sum of $11,566.22, and the Plaintiff presented no evidence at the hearing to indicate that he had made any payments against the balance due under the Promissory Note since the date of its maturity in August 2003. Although Plaintiff disputes the amount of the balance existing under the Promissory Note, he admits there is a substantial balance which remains due and owing, and the Court additionally finds that real property taxes on the subject property have not been paid for two (2) to three (3) years. Therefore, there is no question that default existed under the Promissory Note and Deed of Trust prior to August 2008.
4. That on July 31, 2008, the Defendant undertook such actions as necessary to foreclose the Deed of Trust, including posting a notice at the Bolivar County Courthouse and delivering a Notice of Trustee's Sale to the Bolivar Commercial for publication. However, upon being advised by the Plaintiff that he did not receive sufficient notice of the sale and that he wished to have an additional opportunity to determine the existing balance of principal and interest under the subject Promissory Note, counsel for the Defendant agreed to stop the foreclosure, prior to actually conducting the Trustee's Sale of the property. The Defendant thereafter communicated with the Plaintiff in an attempt to provide the Plaintiff with all justly due credits, and an amortization schedule reflecting all credits was generated by the Defendant and provided to the Plaintiff, which indicated a balance of principal and interest as of August 31, 2008 in the sum of $17,140.93. This statement was provided to the Plaintiff, but he never issued any payment in partial or complete satisfaction of this balance.
5. That on November 13, 2008, the Defendant commenced a second *317 foreclosure proceeding with regard to the subject property, by posting a Notice of Trustee's Sale at the Bolivar County Courthouse and publishing notice in the Bolivar Commercial. The Notice of Trustee's Notice of Sale set December 4, 2008 at 1:00 p.m. as the date and time of the sale, and the Plaintiff admitted at the hearing that he received a copy of the notice prior to the date of the sale. However, the Plaintiff made no attempt to issue any payment in complete or partial satisfaction of the indebtedness existing under the subject Promissory Note and Deed of Trust, and instituted no legal action to enjoin the Trustee's sale prior to the date as set forth in the notice. The Trustee's Sale proceeded as scheduled, and the property was struck off and sold at the Trustee's Sale to the Defendant, he being the highest and best bidder, for the sum of $17,548.30.
6. On the date of the Trustee's Sale but after the completion of the sale at 1:00 p.m. on December 4, 2008, the Plaintiff served the Complaint for Injunctive Relief filed in this cause. Because the Complaint for Injunctive Relief was served on the Defendant after the completion of the sale and because the Plaintiff did not attempt to obtain a Temporary Restraining Order or set a hearing prior to the date and time of the Trustee's Sale, the filing of the Complaint had no effect on the validity of the Trustee's Sale. The Court further finds that the Plaintiff has presented no facts or legal argument which would in any way support setting aside the Trustee's Sale or the Trustee's Deed executed and filed following the sale, and the Trustee's Sale should be and it is hereby confirmed and ratified in all respects. The Defendant shall not be required to respond to the discovery requests filed by the Plaintiff two (2) days before the date set for the hearing, and the Plaintiff's complaint should be and it is hereby dismissed with prejudice.
7. That the Defendant/Counter-Plaintiff responded to the Plaintiff's Complaint for Injunctive Relief and filed a counter-claim asking the Court to enter an Order directing the Plaintiff to vacate the subject property, title to which is now vested in Defendant/Counter-Plaintiff, G. Rives Neblett. The Court finds the counter-claim to be well taken, and the Plaintiff/Counter-Defendant, Perry Osborne, shall vacate the property which is the subject of this proceeding within sixty (60) days from the date of this hearing. Otherwise, a Fiat shall issue to the Sheriff of Bolivar County, Mississippi, commanding him to forcibly eject the Plaintiff/Counter-Defendant, Perry Osborne, from the property which is the subject of this proceeding.
8. Each party shall bear his respective attorney's fees and costs associated with this matter.
¶ 21. Contrary to the majority's conclusion, I read paragraphs 5 and 6 of the judgment to rule that Osborne was given twenty-one days' notice of the foreclosure sale. Nevertheless, the deadline for Osborne to appeal the February 12th order would have been extended until March 16, 2009, because the thirty-day appeal period actually expired on Saturday, March 14, 2009. Osborne did not appeal the February 12, 2009, order.
¶ 22. Instead, on March 16, 2009, an attorney entered an appearance on behalf *318 of Osborne.[4] That day, Osborne's attorney filed a "Motion for Reconsideration, for Stay of Order and for Other Relief." The motion asked the chancery court:
1. To reconsider its February 12, 2009 Order for the reasons stated above, to set said Order aside and allow Plaintiff to proceed on the merits of his complaint and such other amended and additional pleadings as are necessary to be filed;
2. To stay execution and enforcement of said Order under Miss. R. Civ. P. 62(b) until final consideration of this Motion;
3. Upon granting Plaintiff's Motion for Reconsideration, to allow counsel for Plaintiff to amend Plaintiff's Complaint to more clearly and artfully present the Plaintiff's claims herein, and to promptly reply to the Defendant's Counterclaim; and
4. To grant Plaintiff such other and further relief, both general and specific, to which he might be entitled under the circumstances.
¶ 23. The Mississippi Supreme Court has held that "[a] motion to reconsider is treated as a motion to alter or amend judgment pursuant to Mississippi Rule of Civil Procedure 59(e)." Wilburn v. Wilburn, 991 So.2d 1185, 1191 n. 11 (Miss. 2008). Rule 59(e) requires that a motion to alter or amend judgment be filed within ten days after the entry of the judgment. As a motion to alter or amend the judgment, it was untimely filed. The chancellor did not grant relief under Rule 59. This was a correct decision.
¶ 24. Next, Osborne's motion to reconsider cites Rule 60(b), once, in paragraph no. 12:
This Court is required to liberally construe Miss. R. Civ. P. 60(b) in deciding whether to grant Perry Osborne's motion so that substantial justice can be achieved here. Further, Plaintiff would suggest that this motion is timely and made within a reasonable time following entry of the Court's February 12th Order.
Rule 60(b) allows motions to be filed "within a reasonable time." Thus, the chancellor could consider the Osborne's motion as timely filed as a Rule 60(b) motion.
¶ 25. The chancellor determined that the issue raised in the motion to reconsider was procedurally barred. In the post-trial motion, Osborne raised for the first time that the publication of the notice of foreclosure sale failed to follow the requirement expressed by the supreme court in Donald v. Commercial Bank of Magee, 132 Miss. 578, 97 So. 12, 13 (1923), and Melchor v. Casey, 173 Miss. 67, 161 So. 692 (Miss. 1935). The chancellor specifically rejected this argument. The chancellor, in the July 9, 2009 order, ruled:
3. That the Plaintiff has presented no facts or legal arguments, not previously considered by the court, on which the Court finds it should reconsider, alter or amend the Order entered on February 12, 2009. While the Plaintiff suggests that there was a defect in the foreclosure proceedings with regard to the manner of publication, no such defect in the foreclosure proceeding was alleged in the complaint, and the issue was not raised at the hearing on Plaintiff's complaint held on February 5, 2009. Therefore, this issue is not properly before the Court and/or all claims in *319 this regard have been waived by the Plaintiff.
(Emphasis added).
¶ 26. Osborne's complaint did not raise the issue that the notice of publication was defective or that the foreclosure sale was void for improper notice. In the record before this Court, this claim is first presented in the post-trial motion for reconsideration. It is fundamental that all issues be raised at the trial. In Barnett v. State, 725 So.2d 797, 801 (¶ 22) (Miss.1998), the supreme court held that issues may not be raised in a post-trial motion if the issue should have been made during the trial but was not. Issues raised for the first time after a judgment "is simply too late." Id. In M.A.S. v. Mississippi Department of Human Services, 842 So.2d 527, 530 (¶ 12) (Miss.2003), the supreme court ruled:
"Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." City of Jackson v. Jackson Oaks Ltd. P'ship, 792 So.2d 983, 986 (Miss.2001). "Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case." Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984).
¶ 27. Here, the chancellor denied the motion to reconsider because he found that Osborne was procedurally barred from raising this issue for the first time in a post-trial motion or on appeal. I am of the opinion that the chancellor was within his discretion. I would affirm the chancery court's denial of relief under Rule 60(b).
MYERS, ROBERTS AND CARLTON, JJ., JOIN THIS OPINION.
NOTES
[1] The Mississippi Supreme Court has held that "[t]he proper mode of computing time, where notice for a specific time is to be given before an act can be done, it [sic] to exclude the day on which the notice was given, and include the day fixed for the performance of the act." Donald v. Commercial Bank of Magee, 132 Miss. 578, 583-84, 97 So. 12, 13 (1923) (quoting Hall v. Cassidy, 25 Miss. 48, 49 (1852)). Therefore, we have computed the requisite twenty-one days as starting on November 19, 2008, and ending on December 9, 2008.
[2] "Pro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss. 1987). The supreme court weakened this rule in prisoner proceeds pro se appeals when it held that "we take that into account and, in our discretion, credit not so well pleaded allegations [so that a] prisoner's meritorious complaint may not be lost because inartfully drafted." Moore v. Ruth, 556 So.2d 1059, 1061 (Miss. 1990). Then, the supreme court extended this same deference to pro se litigants in civil actions. Zimmerman v. Three Rivers Planning and Dev. Dist., 747 So.2d 853, 856 (¶ 6) (Miss.Ct.App.1999).
[3] There is no transcript that shows the testimony or documents admitted into evidence, the claims asserted by the parties, or the argument of counsel. In fact, Osborne's complaint does not raise the issue that the notice of publication was defective or that the foreclosure sale was void for improper notice. In the record before this Court, this claim is first presented in the post-trial motion for reconsideration.

Mississippi Rule of Appellate Procedure 10(c) provides that "the appellant may prepare a statement of the evidence or proceedings from the best available means." This court has previously held that "[a]bsent a record basis to determine otherwise, we presume the chancellor's order . . . was based on adequate evidence." Thompson v. Miss. Dep't of Human Servs., 856 So.2d 739, 741 (Miss.Ct. App.2003). Osborne filed a supplemental record on appeal. Considering the entire record, there is no evidence before this Court to establish that the matter complained of on appeal was an issue before the chancellor at the February 5, 2009 hearing.
[4] Osborne's attorney moved to withdraw and was allowed to withdraw his representation by order dated August 11, 2009.